**STATE of Tennessee, Appellee,**

v.

**Billy Joe BRACKETT, Appellant.**

Court of Criminal Appeals of Tennessee,
at Knoxville.

Jan. 21, 1993.

Permission to Appeal
Denied May 3, 1993.

erty. Thus, we necessarily assume that the C.D.s were purchased with inheritance money.

Jerry H. Summers and Jeffrey W. Rufolo, Summers, McCrea & Wyatt, P.C., Chattanooga, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Merrilyn Feirman, Asst. Atty. Gen., Nashville, Charles A. Cerny, Jr., Asst. Dist. Atty. Gen., Chattanooga, for State of Tennessee.

## OPINION

WADE, Judge.

The defendant, Billy Joe Brackett, appeals from his conviction for driving while under the influence of an intoxicant. Hamilton County Criminal Court imposed a sentence of 11 months and 29 days, all but 48 hours of which was suspended, and fined the defendant $250.00.

Each issue presented for review relates to the district attorney general's refusal to accept the defendant's offer to waive the rights to grand jury investigation and trial by jury and submit to the jurisdiction of the general sessions court.[1] The defendant claims the action by the state violated the intent of the applicable rule, abridged constitutional concepts of due process and separation of powers, and amounted to vindictive prosecution.

We find no error and affirm the judgment of the trial court.

On April 10, 1991, the defendant appeared in the city court to answer a charge of driving under the influence, first offense. Because of the resignation of the city judge, the functions of the office were being performed by a variety of attorneys serving as special judges. Several other cases were scheduled

---

1. The Advisory Commission Comments to Rule 1 of the Tennessee Rules of Criminal Procedure provide that the use of the term "general sessions court" includes municipal courts having the jurisdiction of a general sessions court by special legislative enactment.

prior to that of the defendant. In those prior cases, the defendants waived their rights to a grand jury investigation and trial by jury and proceeded to a hearing upon the merits. Following a not guilty verdict in one of the cases, the state announced its objection to any waivers in those cases remaining on the day's docket. This case proceeded in the city court[2] on a preliminary hearing basis only.

## I

■ Initially, there is a procedural issue. The state contends that the defendant forfeited his right to appeal when he failed to seek an interlocutory appeal under either Rule 9 or 10 of the Tennessee Rules of Appellate Procedure. It insists that the issue here is analogous to the grant or denial of pre-trial diversion and that the issue becomes moot once the defendant, as here, has been tried and convicted. *State v. Mecord,* 815 S.W.2d 218, 219 (Tenn.Crim.App.1991).

We disagree. The procedure implemented in this instance is almost identical to that developed in *McKeldin v. State,* 516 S.W.2d 82 (Tenn.1974). *See* also *State v. Jeffrey Charles Middlebrooks,* No. 1204 (Tenn.Crim. App., Knoxville, January 31, 1989). In *McKeldin,* of course, our Supreme Court held that because the preliminary hearing is a critical stage in the criminal proceeding, a defendant had the right to counsel at that time. 516 S.W.2d at 84–86.

## II

■ A background discussion of the constitutional rights at issue merits some consideration antecedent to our resolution of the substantive questions. The right to a trial by jury is well documented. Tenn. Const. art. I, § 6. Art. I, § 14, guarantees that "no person shall be put to answer any criminal charge but by presentment, indictment, or impeachment." There is also an absolute right to a criminal accusation by a grand jury. It applies to all crimes except those involving a fine of $50.00 or less. *Capitol*

*News Co., Inc. v. Metropolitan Government of Nashville and Davidson Co.,* 562 S.W.2d 430 (Tenn.1978). The right to the initiation of the criminal process by only indictment or presentment and the right to trial by jury may, however, be relinquished by a valid waiver. Absent either grand jury action or the written waiver of that guarantee, there can be no valid conviction. *State v. Morgan,* 598 S.W.2d 796 (Tenn.Crim.App.1979).

An indictment is a written submission to the grand jury by the district attorney; it is the most common means of initiating the prosecutorial process. Tenn.Code Ann. § 40–13–101(a); *see Crumley v. State,* 180 Tenn. 303, 174 S.W.2d 572 (1943). Presentments are "charges returned by the grand jury as the part of the inquisitional powers and do not require the sanction of the district attorney." 9 Raybin, *Tennessee Practice,* § 9.2 (1984). The most commonly perceived distinction as to form is that presentments must be signed by all grand jurors while indictments must be signed only by its foreman with the endorsement "true bill." *State v. Davidson,* 171 Tenn. 347, 103 S.W.2d 22 (1937); Tenn.Code Ann. § 40–13–101(b).

■ The function of the grand jury under either process is to determine probable cause. *State v. Hudson,* 487 S.W.2d 672 (Tenn.Crim.App.1972); *State v. Marks,* 3 Tenn.Crim.App. 539, 464 S.W.2d 326 (1970). The issuance of a criminal warrant and a preliminary hearing are not prerequisites to either an indictment or presentment. *State v. Street,* 768 S.W.2d 703 (Tenn.Crim.App. 1988).

## III

■ Our Supreme Court is authorized to enact rules for the state courts. Tenn.Code Ann. § 16–3–402. The rules are approved by resolution of the General Assembly. Tenn. Code Ann. § 16–3–404. The Advisory Commission on Criminal Rules has the obligation to advise the Supreme Court in respect to

---

**2.** There is no issue regarding the jurisdiction of this city court; on September 28, 1992, our Supreme Court held that an act giving a city court inferior court jurisdiction without requiring the judge to be elected in compliance with

Art. VI, § 4, of the Tennessee Constitution, violates the separation of powers doctrine. *State by and through the Town of South Carthage v. Barrett,* 840 S.W.2d 895 (Tenn.1992).

the rules of practice and procedure in criminal cases. Tenn.Code Ann. § 16–3–601.

Rule 5(c)(2) of the Tennessee Rules of Criminal Procedure provides, in pertinent part, as follows:

*If the defendant offers to waive in writing the right to a grand jury investigation and a trial by jury* and submit the judgment in the case to the jurisdiction of the general sessions court, and the *district attorney general does not object, the magistrate may after such written waiver hear the case* upon the plea of not guilty and enter such verdict and judgment as the evidence warrants and the law directs, including any fine or jail sentence prescribed by law for such misdemeanor. The State shall have no appeal from a judgment of acquittal. The defendant may appeal a guilty judgment or the sentence imposed, or both, to the circuit or criminal court for a trial de novo as provided by law.

(Emphasis added.)

Here, the defendant concedes that his waiver of the right to presentment or indictment may not be acceptable in the general sessions court if objected to by the district attorney general. He argues, however, that the legislative purposes of the rule are limited by the Advisory Commission Comments. The defendant reasons that the right to object to the waiver by the district attorney general's office is available in only two circumstances, neither of which are applicable in this instance:

(1) when a guilty plea would bar prosecution for a more serious crime in the criminal court; and

(2) when the district attorney general's office or his representative is not present to prosecute the case.

We disagree. There is no guarantee that the accused may elect whether to waive the right to indictment or presentment and trial by jury. Although the defendant has identified two sound reasons for Rule 5(c)(2), the Comments do not exclude the existence of other legitimate purposes. The Advisory Commission Comments note that Rule 5 has the effect of granting the state a right to a trial by jury. That, in our view, is an equally meritorious basis for the rule. Rule 5 must be given its ordinary and natural construction. For many of the reasons the defendant is guaranteed the right to trial by jury in the criminal case, there exists a basis for the state, on behalf of its people, to exercise the same entitlement.

## IV

■ The defendant also submits that allowing the district attorney general or his representatives to object to a proceeding in the city or general sessions court violates due process and separation of powers. He argues that Rule 5 provides the district attorney general veto power over the judicial process.

Article II, § 1 of the Tennessee Constitution provides that the powers of government are to be divided into the Legislative, Executive, and Judicial Departments. In general, the "legislative power" is the authority to make, order, and repeal law; the "executive power" is the authority to administer and enforce law; and the "judicial power" is the authority to interpret and apply law. The Tennessee constitutional provision prohibits an encroachment by any of the departments upon the powers, functions and prerogatives of the others. *Richardson v. Young,* 122 Tenn. 471, 125 S.W. 664 (1910). The branches of government, however, are guided by the doctrine of checks and balances; the doctrine of separation of powers is not absolute. *Anderson County Quarterly Court v. Judges of 28th Judicial Circuit,* 579 S.W.2d 875 (Tenn.App.1978).

The Supreme Court, of course, has the exclusive authority to promulgate rules for the Judicial Department. *Petition of Tennessee Bar Ass'n,* 539 S.W.2d 805 (Tenn. 1976). The rule to which the defendant objects in this instance was, of course, initiated by the Supreme Court as a means of improving the criminal procedure in this state. Because the judiciary promulgated and the Legislature approved the rule granting the prosecution the right to reject a non-jury proceeding in the general sessions court, we find no intrusion by either of the other

branches of government.[3] See Art. VI, § 3, Tenn. Const.

## V

■ Finally, the defendant asserts that the state abused its prosecutorial discretion by acting vindictively. This defense is most commonly addressed when the defendant has been reindicted on a more serious charge in retaliation for the exercise of a constitutional right. *See*, e.g., *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *United States v. Wilson*, 639 F.2d 500 (9th Cir.1981). In *United States v. Meyer*, 810 F.2d 1242 (D.C.Cir.1987), the term was described as follows:

> "Prosecutorial vindictiveness" is a term of art with a precise and limited meaning. The term refers to a situation in which the government acts against a defendant in response to the defendant's prior exercise of constitutional or statutory rights....
>
> The Supreme Court has established two ways in which a defendant may demonstrate prosecutorial vindictiveness. First, the defendant may show "actual vindictiveness"—that is, *he may prove through objective evidence that a prosecutor acted in order to punish him for standing on his legal rights*. This showing is, of course, exceedingly difficult to make. Second, *a defendant may in certain circumstances rely on a presumption of vindictiveness: when the facts indicate "a realistic likelihood of 'vindictiveness,'" a presumption will arise obliging the government to come forward with objective evidence justifying the prosecutorial action*. If the government produces such evidence, the defendant's only hope is to prove that the justification is pretextual and that actual vindictiveness has occurred. But if the government fails to present such evidence, the

presumption stands for and the court must find that the prosecutor acted vindictively. *Id.* at 1245 (emphasis added) (citations omitted).

We doubt that the doctrine applies in this instance. Certainly no violation of the doctrine has been established by the record. And, while it is doubtful that the discretion of the district attorney general to decline acceptance of a waiver of the grand jury investigation and the trial by jury is absolute, the defendant has not established that he has been singled out unfairly based upon impermissible grounds such as race, religion, or a desire to prevent the exercise of his constitutional rights. In other words, the defendant has not established that the state acted in bad faith.

Right or wrong, the assistant district attorney general, by all appearances, simply held the opinion that a jury rather than this particular city court judge would more likely serve the interests of the state. The hearing on the motion to dismiss indicates some justification for that position. From all circumstances, the state made a reasoned determination that the city court on that date provided a forum less amenable to its position than the criminal court jury. Strategy decisions on matters of procedure, whether by the state or the defense, are on most occasions a legitimate aspect of the adversarial process.

Accordingly, the judgment is affirmed.

SCOTT, P.J., and W. FRANK CRAWFORD, Special Judge, concur.

---

**3.** Art. II, § 2 of the Tennessee Constitution provides that "[n]o person or persons belonging to one of these departments shall exercise any of the powers properly belonging to either of the others, except in the cases herein directed or permitted."