IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1997 SESSION



FILED

May 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RICHARD GARY HORTON, | ) | |
| | ) | |
| Appellant, | ) | No. 03C01-9604-CR-00161 |
| | ) | |
| | ) | Hamilton County |
| v. | ) | |
| | ) | Honorable Stephen M. Bevil, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Robert N. Meeks
3505 Brainerd Road
P.O. Box 8086
Chattanooga, TN 37414

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
        and
Sarah M. Branch
Counsel for the State
450 James Robertson Parkway
Nashville, TN 37243-0493

William H., Cox, III
District Attorney General
        and
Bates Bryan, Jr.
600 Market Street, Suite 310
Chattanooga, TN 37402

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Richard Gary Horton, appeals as of right from the Hamilton County Criminal Court's dismissal of his petition for post-conviction relief. The petitioner was convicted of attempted second degree murder and received a ten-year sentence. This court affirmed the petitioner's conviction. State v. Richard Gary Horton, No. 03C01-9306-CR-00172, Hamilton County (Tenn. Crim. App. Dec. 2, 1993), app. denied (Tenn. Apr. 4, 1994). On March 27, 1995, the petitioner filed a pro se post-conviction petition. Counsel was appointed and filed an amended petition that alleges that the petitioner's counsel was ineffective for failing to investigate the facts of the case and that the petitioner's due process and equal protection rights were violated because he was initially indicted for reckless endangerment but was indicted for attempted first degree murder in retaliation for his refusal to plead guilty.[1] The trial court dismissed the petition after an evidentiary hearing, concluding that the petitioner failed to establish that he received the ineffective assistance of counsel or that the attempted first degree murder indictment was the result of prosecutorial vindictiveness. The sole issue for our review is whether the trial court erred by denying the petition on the prosecutorial vindictiveness ground.

The assistant district attorney who prosecuted the petitioner testified at the post-conviction evidentiary hearing. He recalled that the petitioner was originally indicted for reckless endangerment. He said that after he reviewed the file on the case he decided to seek an indictment for attempted first degree murder because he felt that the reckless endangerment charge was not an accurate reflection of the crime that was committed. He testified that he did not know whether the evidence that formed the

---

[1] The petition also alleges that the petitioner received ineffective assistance of counsel that resulted in an involuntary plea to another offense. On appeal, the petitioner does not challenge the trial court's denial of post-conviction relief with respect to the other conviction.

2

basis for his decision was in the file at the time the petitioner was originally indicted for reckless endangerment.

He denied offering the petitioner a two-year plea agreement and explained that he usually writes notes concerning plea negotiations on the case file. Copies of the file folders he used as the case file for the reckless endangerment and attempted first degree murder charges were introduced into evidence. The copy of the reckless endangerment file does not contain any notations concerning plea negotiations. Bright said that to his recollection, he never offered the petitioner any plea agreement other than for the petitioner to plead guilty and have a sentencing hearing.

The petitioner's trial attorney testified that he had thought the petitioner was very lucky when he had only been indicted for reckless endangerment. He said that he and the petitioner knew that the state was going to seek another indictment before it happened. He explained that "immediately or very quickly" after the petitioner was indicted on reckless endangerment, the prosecutor told him that the state was going back to the grand jury to get another indictment on first degree murder. The attorney said that he contested the upgrading of the charge and that the trial court ruled that the state was allowed to get a new indictment.

With respect to plea negotiations, the trial attorney testified that the petitioner told him that he, the petitioner, had turned down an eleven-month and twenty-nine-day sentence at the preliminary hearing in city court, before his representation of the petitioner began. The attorney said that he did not remember the petitioner receiving an offer involving a two-year sentence. He said that his records indicated that the prosecutor had agreed to consider a plea to aggravated assault. He said that his

records also reflect that the prosecutor told him to make an offer in the "high numbers" but that the petitioner did not want to plead to anything in the "high numbers."

The petitioner testified that, in the presence of the trial attorney, the prosecutor offered him a two-year plea agreement for the reckless endangerment charge. The petitioner said that he refused the offer because he understood that reckless endangerment was a misdemeanor charge carrying a maximum sentence of eleven months and twenty-nine days. The petitioner said that he did not learn that the charge against him had been upgraded from reckless endangerment to attempted first degree murder until the day of trial.

At the end of the hearing, the trial court made the following findings with respect to the petitioner's allegations of prosecutorial vindictiveness:

> I see nothing to indicate that [the prosecutor] did this out of vindictiveness other than the fact that he looked at the case and felt like based on the facts and circumstances the charge was too low and went back to the jury.
>
> I find that there is no showing in any way, the defendant has failed to carry the burden of showing the prosecution acted vindictively and that the case went back to the Grand Jury for reindictment for any reason other than the fact that it was just a decision on the part of the prosecutor that the facts merited a higher charge and I find no other reason.

In the order dismissing the petitioner's petition, the trial court also noted that the prosecutor's decision to upgrade the charge "had nothing to do with Mr. Horton's failure to plead guilty to the Reckless Endangerment charge."

The burden was on the petitioner in the trial court to prove his allegations that would entitle him to relief by a preponderance of the evidence.[2] Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). On appeal, we are bound by the trial

_____

[2] For post-conviction petitions filed after May 10, 1995, petitioners have the burden of proving factual allegations by clear and convincing evidence. T.C.A. § 40-30-210(f).

4

court's findings unless we conclude that the evidence preponderates against those findings. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). In this respect, the petitioner has the burden of illustrating how the evidence preponderates against the judgment entered. Id.

As long as probable cause exists to believe that an offense has been committed, it is generally within the prosecutor's discretion as to what charge to bring before a grand jury. See Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S. Ct. 663, 668 (1978). Only when a prosecutor acts to retaliate against a defendant's exercise of constitutional rights or to discriminate against a defendant upon impermissible grounds, such as race or religion, will a claim of prosecutorial vindictiveness be entertained. See State v. Brackett, 869 S.W.2d 936, 940 (Tenn. Crim. App. 1993). The record before us supports the trial court's findings and conclusions that the prosecutor acted in good faith upon the belief that the facts warranted a higher charge. Thus, no vindictiveness was shown.

The judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
Gary R. Wade, Judge

_____
William M. Barker, Judge

5