COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

February 27, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES N. RAMSEY, District | ) | C/A NO. O3A01-9708-CH-00321 |
| Attorney General, Seventh | ) | |
| Judicial District, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| | ) | APPEAL AS OF RIGHT FROM THE |
| | ) | ROANE COUNTY CHANCERY COURT |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| TOWN OF OLIVER SPRINGS, et al., | ) | |
| | ) | HON. FRANK V. WILLIAMS, III, |
| Defendants-Appellees. | ) | CHANCELLOR |

For Appellant

JOHN KNOX WALKUP
Attorney General & Reporter
Nashville, Tennessee

MICHAEL E. MOORE
Solicitor General
Nashville, Tennessee

GORDON W. SMITH
Associate Solicitor General
Nashville, Tennessee

For Appellees

JAMES M. WEBSTER
Oak Ridge, Tennessee

O P I N I O N

REVERSED AND REMANDED                                    Susano, J.

This is a declaratory judgment action brought by James N. Ramsey ("Ramsey"), District Attorney General for Anderson County (Seventh Judicial District).[1]  He sued the Town of Oliver Springs ("the Town") and a number of its officials, seeking a declaration that the Town's blanket policy and practice of prosecuting Anderson County offenses in Roane County is unlawful. This controversy stems from the fact that, while portions of the Town are located in three counties -- Anderson, Roane, and Morgan -- the Town's City Court is physically located in Roane County. Based on the parties' stipulation of facts, the trial court concluded that the Town could continue to prosecute state cases arising in Anderson County, in the City Court physically located in Roane County, provided that it first obtains a waiver of the right to venue from each defendant.  Ramsey's appeal followed.

I.  *Facts*

The Private Act establishing the City Court of Oliver Springs provides, in pertinent part, as follows:

> The City Judge shall be vested with concurrent jurisdiction with courts of general sessions for violations of criminal laws, and shall try all offenses against the peace and dignity of the Town of Oliver Springs.
>
> The City Judge shall also have jurisdiction in and over all cases arising under the state laws and ordinances of the Town of Oliver Springs and all cases relative to the violation of such laws and ordinances and offenses against the state or the Town of Oliver Springs.

---

[1] Anderson County is the only county in the Seventh Judicial District.

2

Chapter 137, 1994 Private Acts, § 1(d) and (e) ("the Private Act").  The Private Act does not prescribe a specific location for the City Court.  *Id.*

The Anderson County portion of the Town is located in the Seventh Judicial District.  The Roane County portion of the Town is situated within the Ninth Judicial District.

Generally speaking, a District Attorney has no authority over cases in districts other than his or her own.  *See* T.C.A. § 8-7-103 (Supp. 1997); *State v. Campbell*, 721 S.W.2d 813, 816-17 (Tenn.Cr.App. 1986).  Accordingly, Ramsey is without authority to prosecute defendants in the Town's City Court, so long as that court holds its sessions in Roane County.

The parties submitted a stipulation of facts, which is as follows:

> That the Town of Oliver Springs includes portions of Anderson, Roane and Morgan Counties.
>
> That the physical location of the City Court for Oliver Springs is in Roane County.
>
> That the duly elected Judge of the City Court for Oliver Springs is Defendant Joseph Van Hook.  That the duly elected District Attorney General for Anderson County, which is the Seventh Judicial District, is Plaintiff James N. Ramsey.
>
> That Defendant Grant Lowe is Police Chief for the Town of Oliver Springs and Chief Lowe brings persons charged in the Anderson County portion of Oliver Springs before Judge Joe Van Hook sitting as a Court in Roane County.

3

That Joseph Van Hook as Judge of the City Court for Oliver Springs has presided as a Judge with General Sessions Court for criminal jurisdiction sitting in Roane County over criminal charges which arose in the Anderson County portion of Oliver Springs over the objection of the Plaintiff District Attorney for Anderson County.

That waivers of venue have not been obtained from all of the Defendants charged with committing crimes in Anderson County who appeared before Court. That the Court now requires a "waiver of venue" before accepting guilty pleas.

That the Defendants, absent a ruling from a Court of competent jurisdiction, intend pursuant to 1994 Tenn. Private Acts, Ch. 127 [sic] to continue exercising the criminal jurisdiction for a Sessions Court in the City Court of Oliver Springs located in Roane County over charges of crimes committed in Anderson County.

II. *Applicable Law*

A. *Standard of Review*

Since the facts are not in dispute, our review of this non-jury case is *de novo* upon the record, with no presumption of correctness as to the trial court's judgment. ***Ganzevoort v. Russell***, 949 S.W.2d 293, 296 (Tenn. 1997); ***Union Carbide Corp. v. Huddleston***, 854 S.W.2d 87, 91 (Tenn. 1993).

B. *Right to Venue*

The right of a criminal defendant to venue in the county in which the crime is alleged to have been committed is found in Article I, Section 9 of the Tennessee Constitution:

4

> *That in all criminal prosecutions, the*
> *accused hath the right to* be heard by himself
> and his counsel; to demand the nature and
> cause of the accusation against him, and to
> have a copy thereof, to meet the witnesses
> face to face, to have compulsory process for
> obtaining witnesses in his favor, and in
> prosecutions by indictment or presentment, *a*
> *speedy public trial, by an impartial jury of*
> *the County in which the crime shall have been*
> *committed*, and shall not be compelled to give
> evidence against himself.

(Emphasis added). The portion of this constitutional provision entitling a defendant to "an impartial jury of the County in which the crime shall have been committed" literally pertains to the "vicinage," or place from which the jurors must be selected; however, that provision has been interpreted to determine the venue of the trial as well. ***State v. Nichols***, 877 S.W.2d 722, 727 (Tenn. 1994); ***State v. Smith***, 906 S.W.2d 6, 8 (Tenn.Cr.App. 1995).

Other relevant provisions regarding venue are contained in the Rules of Criminal Procedure. Rule 18 provides, in pertinent part, that "[e]xcept as otherwise provided by statute or by these rules, offenses shall be prosecuted in the county where the offense was committed." Rule 18(a), Tenn.R.Crim.P. Rule 21 provides for a change of venue upon the defendant's motion, or the defendant's consent to the court's motion, where "it appears to the court that, due to undue excitement against the defendant in the county where the offense was committed or any other cause, a fair trial probably could not be had." Rule 21(a), Tenn.R.Crim.P.

5

Another provision regarding venue is found at T.C.A. § 40-35-214. That statute permits a defendant arrested, held or present in a county other than the one in which the indictment, presentment or charge is pending, to state in writing his desire to plead guilty, waive trial in the county where the indictment is pending or the warrant was issued, and consent to disposition of the case in the county in which he is present or has been arrested. T.C.A. § 40-35-214(a) and (b). Significantly, however, such waiver is conditioned on the approval of each county's district attorney general and court of criminal jurisdiction. *Id.*

C. *The Office of District Attorney General*

Article VI, Section 5, of the Tennessee Constitution provides that a district attorney general shall be elected for each judicial district for which a judge having criminal jurisdiction is provided. Specific provisions regarding district attorneys general are set forth at T.C.A. § 8-7-101, *et seq.* (1993 & Supp. 1997). T.C.A. § 8-7-101 mandates that "[e]ach judicial district shall constitute a district attorney general's district." T.C.A. § 8-7-103 (Supp. 1997) sets forth the duties of the office. As pertinent here, that section provides that

> [i]t is the duty of each district attorney general to:
>
> (1) Attend the circuit courts in the district, and every other court therein having criminal jurisdiction, and prosecute on behalf of the state in every case in which the state is a party, or is in any wise interested;....

6

T.C.A. § 8-7-103(1)(Supp. 1997).


As noted earlier, a district attorney general is generally without authority to prosecute cases outside of his or her district. *See* T.C.A. § 8-7-103 (Supp. 1997); *State v. Campbell*, 721 S.W.2d 813, 816-17 (Tenn.Cr.App. 1986). Within his or her district, however, the degree of discretion afforded the district attorney is significant. *State v. Superior Oil, Inc.*, 875 S.W.2d 658, 660-61 (Tenn. 1994). In the *Superior Oil, Inc.,* case, the Supreme Court expounded on the nature of a district attorney general's discretion:

> Although there are various statutes which assign duties to the elected constitutional office of district attorney general, there are no statutory criteria governing the exercise of the prosecutorial discretion traditionally vested in the officer in determining whether, when, and against whom to institute criminal proceedings. Indeed, it has been often recognized that "prosecutorial discretion in the charging process is very broad." "So long as the prosecutor has probable cause to believe that the accused committed an offense, the decision whether to prosecute, and what charge to bring before a grand jury generally rests entirely within the discretion of the prosecution," limited only by certain constitutional constraints.

*Id.* at 660 (citing, *inter alia*, *Cooper v. State*, 847 S.W.2d 521, 536 (Tenn.Cr.App. 1992); *In re Death of Reed*, 770 S.W.2d 557, 560 (Tenn.Cr.App. 1989); and *State v. Lunati*, 665 S.W.2d 739, 746 (Tenn.Cr.App. 1983)).

Generally speaking, the courts of this state have been protective of the district attorney general's prosecutorial discretion. For example, in the **Superior Oil, Inc.,** case, the Supreme Court declared a statutory provision[2] unconstitutional, due in large part to its infringement upon the "broad prosecutorial discretion and awesome responsibility inherent in the constitutional office" of district attorney general. **Superior Oil, Inc.,** 875 S.W.2d at 661. In so holding, the Court stated that

> [a]lthough the General Assembly may enact laws prescribing or affecting the "procedures for the *preparation of indictments or presentments*," it cannot enact laws which impede the inherent discretion and responsibilities of the office of district attorney general without violating Article VI, § 5 of the Tennessee Constitution.

*Id.* (Citation omitted)(emphasis in original).

### III. *The Parties' Contentions*

Ramsey contends that a criminal defendant does not possess a general, unconditional right to waive venue. He argues that a change or waiver of venue may only be accomplished pursuant to Rule 21(a), Tenn.R.Crim.P., or T.C.A. § 40-35-214. Thus, according to Ramsey, when neither of these provisions

---

[2]The statute in question was the Water Quality Control Act of 1977, which is codified at T.C.A. § 69-3-101, *et seq.* The Court held unconstitutional § 69-3-115(d), which required the district attorney general or the grand jury to obtain authorization from the Commissioner of the Department of Health and Environment or the Water Quality Control Board prior to instituting criminal proceedings under the Act. **Superior Oil, Inc.**, 875 S.W.2d at 660-61.

8

apply, offenses committed in the Anderson County portion of Oliver Springs must be tried in Anderson County.

In his brief submitted to the trial court, Ramsey also contends that the Town's venue waiver policy and practice improperly allows the Town to retain various court costs, fines and other funds to which Anderson County would otherwise be entitled. He further argues that the Town's practice substantially interferes with his ability to discharge the duties of his office. This latter position was more fully developed in an *amicus curiae* brief submitted to the trial court by the Tennessee District Attorneys General Conference, in which it is argued that "the holding of the [City] [C]ourt exclusively in Roane County impermissibly interferes with the discretion and responsibility of the District Attorney General for the Seventh Judicial District."

The defendants, on the other hand, contend that the right to venue, as found in Article I, Section 9, of the Tennessee Constitution is subject to waiver by a criminal defendant. They argue that this right of waiver is not dependent upon the consent of the district attorney general, and that the Town's practice of obtaining waivers of venue, and then prosecuting defendants in Roane County, is permissible.

IV. *Analysis*

It is clear that the Tennessee Constitution confers upon criminal defendants an absolute right to venue in the county

9

in which the crime was committed.  *See* Tenn. Const. Article I, Section 9 (1870); *State v. Nichols*, 877 S.W.2d 722, 727 (Tenn. 1994); *State v. Smith*, 906 S.W.2d 6, 8 (Tenn.Cr.App. 1995).  This constitutional principle prompted[3] the drafters of the Rules of Criminal Procedure to provide that "[e]xcept as otherwise provided by statute or by these rules, offenses *shall* be prosecuted in the county where the offense was committed."  Rule 18(a), Tenn.R.Crim.P.  (Emphasis added.)

The Tennessee Constitution, the Rules of Criminal Procedure, and the applicable Code provision are all devoid of an explicit grant of a right to *waive* the constitutional right to venue.  That is not to say that venue can never be waived; but such waiver can occur only under certain circumstances and when undertaken in conformity with the Rules of Criminal Procedure or the applicable statutory provision.  As previously indicated, the Code and Rules of Criminal Procedure contain two provisions relative to a waiver or change of venue.  The first is Rule 21 of the Rules of Criminal Procedure, which authorizes a change of venue, with the defendant's consent, when it appears to the court that a fair trial in the county where the offense was committed is unlikely, due to excessive publicity or excitement.  The second is T.C.A. § 40-35-214, which allows a defendant to waive venue in the county in which a charge or an indictment is pending, and then plead guilty and consent to disposition of the case in the county in which the defendant has been arrested or is being held.  However, neither of the aforementioned provisions are directly applicable in the instant case.  Here we are faced

_____

[3]*See* Committee Comment to Rule 18, Tenn.R.Crim.P.

10

with a policy and practice by which criminal defendants execute waivers of their right to venue in the county in which the offenses have been committed, i.e., Anderson County, in order to consent to disposition of their cases in the county in which the City Court is situated, i.e., Roane County. Such waivers are secured to accommodate what is obviously the Town's expedient decision to maintain only one courthouse; however, expediency cannot justify a policy and practice that is contrary to legislative enactments.

The Tennessee Constitution does not expressly grant to a defendant an absolute right to *waive* venue. Furthermore, we do not find within the constitutional right to venue, an implied right to waive venue. Thus it is clear that, by enacting T.C.A. § 40-35-214 and adopting Rule 21, Tenn.R.Crim.P., the General Assembly has placed certain limitations on the manner and circumstances under which the right to be tried in the county where the offense was committed can be waived by a criminal defendant. Such legislative restrictions are presumptively valid; generally speaking, the legislature has the power to enact any law that is not expressly or impliedly prohibited by the state or federal constitution. ***Dennis v. Sears, Roebuck & Co.***, 446 S.W.2d 260, 266 (Tenn. 1969); ***Crowe v. John W. Harton Mem'l Hosp.***, 579 S.W.2d 888, 892 (Tenn.App. 1979).

With regard to the qualification in T.C.A. § 40-35-214 that a waiver of venue under its terms is subject to the approval of the district attorney, we note that a similar requirement regarding waiver of the right to a grand jury investigation and

11

trial by jury[4] has recently been upheld by the Court of Criminal Appeals in **State v. Brackett**, 869 S.W.2d 936 (Tenn.Cr.App. 1993). In that case, the Court of Criminal Appeals held that a district attorney could withhold consent, pursuant to Rule 5(c)(2), Tenn.R.Crim.P., to a trial in general sessions court without a jury, as opposed to a jury trial in the county criminal court. **Id**. at 939. In so holding, the Court of Criminal Appeals noted that

> [f]or many of the reasons the defendant is guaranteed the right to trial by jury in the criminal case, there exists a basis for the state, on behalf of its people, to exercise the same entitlement.

**Id.**

We believe that the same logic applies in the instant case. It is clear that, absent special circumstances, venue for a criminal proceeding lies within the county in which the offense was committed. Tenn. Const. Article I, Section 9 (1870); Rule 18(a), Tenn.R.Crim.P. The legislature, by enacting T.C.A. § 40-35-214 and adopting Rule 21, Tenn.R.Crim.P., has placed valid restrictions on the circumstances under which venue may be changed. In situations where Rule 21, Tenn.R.Crim.P., and T.C.A. § 40-35-214 are not implicated, a district attorney general has the prerogative to insist that a defendant be prosecuted in the county in which the offense was committed.

---

[4]*See* Rule 5(c)(2), Tenn.R.Crim.P.

In this case, the Town of Oliver Springs has implemented a policy and practice that necessarily involves a waiver of a criminal defendant's right to venue in the county where the crime was committed. This is not in conformity with either of the aforementioned provisions for a change of venue; nor are we aware of any authority conveying a general, unfettered right to waive venue upon one who is facing criminal charges. Furthermore, the implementation of this practice by the Town clearly impinges upon the ability of the Anderson County District Attorney General to discharge the duties of his office, in that it effectively takes cases arising within his own jurisdiction out of his hands. We find nothing unconstitutional about the Private Act on its face; nevertheless, the venue waiver procedure implemented by the Town pursuant to that Act violates the statutory scheme requiring each district attorney to exercise certain prosecutorial responsibilities with respect to criminal violations occurring within his or her district. *See* T.C.A. § 8-7-101, *et seq*. (1993 & Supp. 1997). As noted earlier, "laws which impede the inherent discretion and responsibilities of the office of district attorney general" are impermissible. **State v. Superior Oil, Inc.**, 875 S.W.2d 658, 661 (Tenn. 1994).

V. *Conclusion*

Accordingly, we hold that the Town's blanket policy and practice of trying Anderson County cases in Roane County, premised, as it is, on the false proposition that a defendant has an absolute right to waive venue, constitutes an unlawful expansion of a defendant's right to waive venue beyond that

13

permitted by the provisions of Rule 21(a), Tenn.R.Crim.P., and T.C.A. § 40-35-214.  It therefore results that the decision of the trial court is reversed.  Costs at the trial level and on this appeal are taxed to the appellees.  This case is remanded to the trial court for the entry of an order enjoining the defendants from continuing to implement the policy and practice held to be illegal in this opinion.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.

14