IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION

FILED

February 10, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9711-CC-00504 |
| Appellee, | ) | |
| | ) | MAURY COUNTY |
| VS. | ) | |
| | ) | HON. JIM T. HAMILTON, |
| JEFFREY A. WARFIELD, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Probation Revocation and Invalid Guilty Plea) |

FOR THE APPELLANT:

JOHN E. HERBISON
2016 Eighth Ave., South
Nashville, TN 37204
    (On Appeal)

CLAUDIA JACK
District Public Defender

WILLIAM C. BRIGHT
Asst. Public Defender
809 South Main St., Suite 200
Columbia, TN 38401
    (At Hearing)

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

DARYL J. BRAND
Asst. Attorney General
Cordell Hull Bldg., 2nd Fl.
425 Fifth Ave., North
Nashville, TN 37243-0493

MIKE BOTTOMS
District Attorney General

STELLA HARGROVE
Asst. District Attomey General
P.O. Box 1619
Columbia, TN 38401-1619

OPINION FILED:_____

AFFIRMED IN PART, REVERSED IN PART

JOHN H. PEAY,
Judge

## O P I N I O N

Over the course of 1994, 1995, and 1996, the defendant pled guilty to the sale of cocaine (Case No. 8531), the possession of cocaine for resale (Case No. 8540), the sale of cocaine (Case No. 8742), and the delivery of cocaine (Case No. 9204). In Case Nos. 8531 and 8540, the defendant was sentenced to four years on each count to be served consecutively on supervised probation. The defendant was also sentenced to four years on probation in Case No. 8742 to run concurrently with his other sentences. Lastly, the defendant was sentenced to sixty days to be served and four years on probation in Case No. 9204, which also was to run concurrently with the sentences for Case Nos. 8531 and 8540. On October 3, 1997, the defendant's probation in all four cases was revoked, and the defendant was ordered to serve the original eight-year sentence in the Tennessee Department of Correction. The defendant now appeals and presents the following issues for our review:

> (1) whether the trial court failed to consider less restrictive sentencing alternatives upon probation revocation;
>
> (2) whether the trial court was without jurisdiction in Case No. 9204 because the charging instrument is a general sessions court warrant and the record includes no written waiver of the defendant's right not to be put to answer any criminal charge except by indictment, presentment, or impeachment;
>
> (3) whether the charging instrument in Case No. 9204 avers no culpable mental state and therefore renders any judgment void.

After a review of the record and applicable law, we affirm the trial court's reinstatement of the defendant's original sentence upon revocation of probation. However, the defendant's conviction in Case No. 9204 is reversed and the warrant dismissed.

The defendant pled guilty on four separate occasions to four separate

2

counts involving cocaine. The defendant was placed on probation regarding each of these counts. The terms of his probation mandated that the defendant refrain from the use of illegal narcotics and that he would be tested for such narcotics randomly. On August 9, 1995, a probation violation report was filed alleging that the defendant was not paying required fees and costs. On October 18, 1995, a probation violation report was filed alleging that the defendant failed to obey the laws of the United States, failed to report to his probation officer, failed to pay required fees, tested positive for and admitted to the use of cocaine, and failed to obtain drug rehabilitation as ordered by the court. On July 12, 1996, another probation violation report was filed because the defendant tested positive for the use of cocaine. Although the defendant spent some time in jail and in several rehabilitation programs, the defendant's probation was reinstated on at least two occasions. On March 3, 1997, a probation violation report was filed alleging that the defendant failed to report to his probation officer, failed to submit to random drug screens, and failed to pay required fees. On October 3, 1997, the defendant's probation was revoked and his original sentence of eight years was reinstated to be served in the Tennessee Department of Correction.

The factual basis upon which the trial court relied in revoking the defendant's probation is not disputed. However, the defendant contends that the trial court failed to consider less restrictive sentencing alternatives. This Court has held that an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing. State v. James Moffit, No. 01C01-9010-CC-00252, Williamson County (Tenn. Crim. App. filed April 4, 1991, at Nashville); State v. Jimmie L. Allen, No. 02C01-9509-CR-00286, Shelby County (Tenn. Crim. App. filed April 28, 1997, at Jackson). It is also well established that the trial court has the authority to revoke a defendant's probation and to impose the original sentence on the defendant.

3

T.C.A. § 40-35-310, -311 (1997).  The Tennessee Supreme Court has held that

> a trial judge may revoke a sentence of probation or a suspended sentence upon a finding that the defendant has violated the conditions of his probation or suspended sentence by a preponderance of the evidence.  T.C.A. § 40-35-311.  The judgment of the trial court in this regard will not be disturbed on appeal unless it appears that there has been an abuse of discretion.

State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)(citing State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)).  If the record contains substantial evidence to support the trial court's conclusion that a probation violation has occurred, no abuse of discretion will be found.  Harkins, 811 S.W.2d at 82.

In the case at bar, the defendant concedes that he violated his probation not once, but on several occasions.  The defendant used illegal drugs, failed to pay court-ordered fees, failed to meet with his probation officer, failed to submit to drug screens, failed to obey the law, and failed to attend a rehabilitation program as ordered by the court.  In spite of these probation violations, the defendant was allowed to remain on probation and given several chances to overcome his drug addiction.  The defendant now contends that the trial court did not consider alternative sentencing.  However, the trial court specifically pointed out that the defendant had been given four chances at probation and had not been able to handle any of those chances.  As such, it is clear the trial judge considered alternative sentencing and the fact that it had not worked for the defendant in the past.  As there is substantial evidence in the record to support the trial court's conclusion that a probation violation had occurred, we find the trial court did not abuse its discretion by reinstating the defendant's original sentence to be served in the Tennessee Department of Correction.

The defendant next contends that the trial court was without jurisdiction in Case No. 9204 because the charging instrument was a general sessions warrant and the

4

record includes no written waiver of the defendant's right not to be put to answer any criminal charge except by indictment, presentment, or impeachment as required by Art. I, § 14 of the Tennessee Constitution.[1]

It is well established that "[a] lawful accusation is an essential jurisdictional element of a criminal trial, without which there can be no valid prosecution." State v. Morgan, 598 S.W.2d 796, 797 (Tenn. Crim. App. 1979) (citations omitted). There is also an absolute right to a criminal accusation by a grand jury that applies to all crimes except those involving a fine of fifty dollars ($50) or less. State v. Brackett, 869 S.W.2d 936, 938 (Tenn. Crim. App. 1993) (citations omitted). However, this right may be relinquished by a valid waiver. Id. "Absent either grand jury action or the written waiver of that guarantee, there can be no valid conviction." Id.; see also Morgan, S.W.2d at 797. As there was no grand jury indictment in Case No. 9204 and no written waiver, the trial court was without jurisdiction to enter a judgment of conviction on the defendant's guilty plea.[2]

Accordingly, we affirm the trial court's probation revocation and reinstatement of the defendant's original sentence with regard to Case Nos. 8531, 8540, and 8742. The judgment in Case No. 9204, however, is reversed and the warrant dismissed.

_____
JOHN H. PEAY, Judge

---

[1] Not only is the record devoid of any evidence of an indictment or a written waiver, the State concedes that they failed to obtain an indictment or a written waiver in Case No. 9204.

[2] The defendant also contends that the charging instrument in Case No. 9204 avers no culpable mental state and any judgment pronounced thereon is therefore void. We find no need to address this issue as we have found the defendant's conviction void on other grounds.

5

CONCUR:


_____
GARY R. WADE , Presiding Judge


_____
JERRY L. SMITH, Judge