IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 16, 2002

## STATE OF TENNESSEE v. CLYDE T. SMITH

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-B-1383     J. Randall Wyatt, Jr., Judge**

_____

### No. M2002-00553-CCA-R3-CD - Filed January 21, 2003

_____

While serving a sentence in a community corrections program, the defendant was indicted and arrested on two counts of selling and delivering cocaine. His community corrections status was revoked upon proof of the indictment and arrest alone. The defendant claims that proof of an indictment and arrest, standing alone, is insufficient to support a revocation of a community corrections sentence. We agree and reverse the judgment from the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Ross E. Alderman, District Public Defender; Jeffrey A. DeVasher, Wendy S. Tucker, and Jonathan Farmer, Assistant Public Defenders, for the appellant, Clyde T. Smith.

Paul G. Summer, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Background

On March 3, 2000, the defendant, Clyde T. Smith, pled guilty in Davidson County to selling less than .5 grams of a substance containing cocaine, in violation of Tennessee Code Annotated section 39-17-417, and, pursuant to the plea agreement, was sentenced to twelve years as a Range III offender, to be served in a community corrections program.

In April, 2001, the defendant was indicted in Robertson County for the sale and delivery of more than .5 grams of cocaine on November 15, 2000, and for the sale and delivery of less than .5

grams of cocaine on November 29, 2000, and subsequently arrested. After a revocation hearing on January 24, 2002, the trial court, relying exclusively on the pending indictment and the re-arrest, revoked the defendant's community corrections sentence and ordered imposition of his twelve-year sentence.

## Analysis

Our supreme court, in <u>Harkins v. State</u>, determined that a community corrections sentence, as a practical matter, is similar enough to probation to justify applying the same standard of review for a revocation; whether there was an abuse of discretion. <u>See</u> <u>State v. Harkins</u>, 811 S.W.2d 79, 82 (Tenn. 1991). Failure to comply with the terms of probation subjects an offender to revocation proceedings. Tenn. Code Ann. § 40-36-106(e)(3)(B) (2002). In determining whether to revoke the sentence, the trial court must find by a preponderance of the evidence that the conditions of the sentence were violated. Tenn. Code Ann. § 40-35-311(e) (2002).

In order to find an abuse of discretion, it must be established that the record contains no substantial evidence to support the conclusion that a violation of a term of probation occurred. <u>Harkins</u>, 811 S.W.2d at 82, *citing* <u>State v. Grear</u>, 568 S.W.2d 285, 286 (Tenn. 1978); <u>State v. Delp</u>, 614 S.W.2d 396, 398 (Tenn. Crim. App. 1980).

The only facts established at the revocation hearing in the instant case were that the defendant was re-arrested and indicted on two counts. There was absolutely no evidence presented at the revocation hearing concerning the underlying facts that led to the indictment and arrest. While an indictment is more than a "mere accusation", it is nonetheless inadequate, standing alone, to establish that a condition of community corrections was violated. An indictment is an accusation in writing presented by the grand jury of the county, charging a person with an indictable offense. Tenn. Code Ann. § 40-13-101(a) (1997). There must be more than a "mere accusation" if the grounds for revocation is the commission of a new offense; indeed, the State is required to establish sufficient facts at the revocation hearing to enable the court to make a proper judgment whether the conduct in question violated the law. <u>Harkins</u>, 811 S.W.2d at 83, note 3.

An indictment is based on probable cause, <u>State v. Brackett</u>, 869 S.W.2d 936, 938 (Tenn. Crim. App. 1993), whereas the standard for revocation (of probation) is preponderance of the evidence. <u>State v. Harkins</u>, 811 S.W.2d at 82. While this Court recently held that while pending charges can be the basis for a revocation of probation, a trial court may not rely upon the mere fact of an arrest or an indictment to revoke a defendant's probation. Thus, the State must produce evidence in the usual form of testimony in order to establish the probationer's commission of another offense.

The only evidence introduced at the revocation hearing was a copy of the indictment from Robertson County and the defendant's acknowledgment that he had been arrested. Because a community corrections sentence revocation is analogous to a probation revocation, we conclude the trial court erred in revoking the defendant's community corrections sentence.

Accordingly, we reverse the judgment from the trial court and vacate the revocation of the community corrections sentence.

_____
JOHN EVERETT WILLIAMS, JUDGE