IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 2, 2010

**STATE OF TENNESSEE v. RONALD WOODS, JR.**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 07-05925     Carolyn Wade Blackett, Judge**

---

**No. W2009-02580-CCA-R3-CD  - Filed October 20, 2010**

---

The Defendant-Appellant, Ronald Woods, Jr., appeals pro se from multiple convictions in the Criminal Court of Shelby County.  He pled guilty to intentionally evading arrest in a motor vehicle, a Class D felony, driving while a habitual motor vehicle offender, a Class E felony, driving under the influence of an intoxicant, a Class E felony, reckless driving, a Class B misdemeanor, and two counts of aggravated assault, a Class C felony.  Woods received a an effective sentence of six years to be served consecutively to another unrelated sentence.  On appeal, Woods claims: (1) he was denied his right to a fair trial because of prosecutorial misconduct; and (2) his conviction for reckless driving and intentionally evading arrest violated principles of double jeopardy.  Upon review, we conclude that Woods's claims of prosecutorial misconduct and double jeopardy have been waived.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which DAVID H. WELLES and JOHN EVERETT WILLIAMS, JJ., joined.

Ronald Woods, Jr., Pro Se, Memphis, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Goodman, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background**.  The record presented on appeal is somewhat limited.  It includes a copy of the May 11, 2006 arrest warrant and the accompanying affidavit of complaint.  The affidavit states that an officer observed Woods traveling at "an extremely high rate of speed."  A lengthy police chase ensued during which two officers were injured.  The police obtained

a blood sample from Woods, which showed that he was under the influence of alcohol. The arrest warrant accused Woods of committing thirteen offenses, including two counts of aggravated assault.

Woods waived his right to a preliminary hearing, and he was indicted on August 16, 2007. The indictment charged Woods with seven offenses, including two counts of criminal attempt to commit second degree murder. The counts for attempted murder were not listed in the arrest warrant and the indictment did not charge Woods with aggravated assault. Court minutes from April 30, 2008, show that Woods waived a formal reading of the indictment and entered a plea of not guilty for purposes of the arraignment.

Woods ultimately pled guilty to two counts of aggravated assault, one count of intentionally evading arrest in a motor vehicle, one count of driving while a habitual motor vehicle offender, one count of driving under the influence of an intoxicant, and one count of reckless driving. The record does not include a transcript from the guilty plea hearing.[1] The judgment forms were entered on November 12, 2009. The record contains an order from the trial court approving the guilty pleas. The order states that by pleading guilty, Woods waived his right to an appeal. He filed a notice of appeal on December 8, 2009.

**ANALYSIS**

**I. Prosecutorial Misconduct**. Woods claims he was deprived of his right to a fair trial because of the vindictive actions of the prosecutor. He refers to the two counts of criminal attempt to commit second degree murder that were presented to the grand jury but not included in the arrest warrant. Woods contends the decisions to present the two counts of attempted murder were made in retaliation to his refusal to accept an early plea offer. Woods acknowledges that he did not plead guilty to attempted murder and he does not challenge particular terms of his plea agreement. Nevertheless, Woods argues that he was deprived of his right to a fair trial because he claims he was ultimately forced to plead guilty. He asserts that had the case gone to trial, he would have been convicted of attempted murder or received the maximum sentence for the aggravated assaults. Therefore, Woods argues that his convictions for aggravated assault should be dismissed.[2] In response, the State claims

---

[1]The State's brief states that the plea agreement provided for a negotiated sentence. Therefore, there was not a separate sentencing hearing.

[2]In the conclusion to Woods's brief, he claims his convictions for criminal attempt to commit second degree murder should be dismissed. The judgments in this case show that Woods was convicted of aggravated assault, not attempted murder. We presume that he was referring to his convictions for aggravated assault.

Woods waived this issue by pleading guilty and failing to provide an adequate record. The State also asserts, without additional argument, that this issue is without merit.

On May 6, 2010, after the State filed its responsive brief, Woods filed a "Motion to the Court to Grant Request for Emergency Review". In this motion, which we interpret to be a reply brief, Woods argues that no transcript or statement of evidence is necessary for resolution of the issues presented in this appeal. Citing Rule 24(d) of the Tennessee Rules of Criminal Procedure, Woods contends that "any transcript deemed necessary by the appellee must be prepared and filed by the appellee." Finally, Woods asserts "[t]he only facts necessary to review the merits of this appeal are; the original charges filed against the defendant, the increased charges the defendant was indicted for, and did the prosecutor impermissibly increase the charges in response to the defendant's exercise of a legal right."

For the reasons that follow, we conclude that Woods has waived his right to appeal his claims of prosecutorial vindictiveness and double jeopardy.

In State v. Wilson, 31 S.W.3d 189 (Tenn. 2000), the Tennessee Supreme Court held that "the right to appeal a plea of guilty entered in the trial court is severely limited to those cases which fit within one of the narrow exceptions enumerated in Tenn. R. Crim. P. 37(b) or Tenn. R. App. P. 3(b)." Id. at 192 (citing Patterson v. State, 684 S.W.2d 110, 111-12 (Tenn. Crim. App. 1984)). Rule 37(b) of the Tennessee Rules of Criminal Procedure states:

> **(b) When an Appeal Lies.** An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:
>
> (1) upon a plea of not guilty; or
>
> (2) upon a plea of guilty or nolo contendere, if:
>
> (i) the defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
> (A) the judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;

(B) the question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

(C) the judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and

(D) the judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case; or

(ii) the defendant seeks review of the sentence set and there was no plea agreement under Rule 11(e); or

(iii) the error(s) complained of were not waived as a matter of law by the plea of guilty or nolo contendere, or otherwise waived, and if such errors are apparent from the record of the proceedings already had; or

(iv) the defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case, and the requirements of subsection (i) are met, except the judgment or document need not reflect the state's consent to the appeal or the state's opinion that the question is dispositive.

Tennessee Rule of Appellate Procedure 3(b) (2006) states:

**(b) Availability of Appeal as of Right by Defendant in Criminal Actions.** In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. . . .

Woods's guilty pleas do not fit within any of the exceptions to the aforementioned rules. The only conceivable exception is Tennessee Rule of Criminal Procedure 37(b)(2)(iii),

which states "the error(s) complained of were not waived as a matter of law by the plea of guilty or nolo contendere, or otherwise waived, and if such errors are apparent from the record of the proceedings already had[.]" Tenn. R. Crim. P. 37(b)(2)(iii); see also Tenn. R. App. P. 3(b)(2). The Advisory Commission Comment to this rule states that the exception found in Rule 37(b)(2)(iii) applies "in cases where guilt was not contested but the record clearly reflects an invalidating error, such as the clear denial of the right to counsel or a conviction under an invalid statute, wherein it would be judicially inefficient to require a post-conviction collateral attack when the error is apparent upon the face of the existing record." Tenn. R. Crim. P. 37(b)(2)(iii), Advisory Comm'n Comment (emphasis added).

Here, the alleged error is not apparent from the face of the record. The record is essentially limited to the arrest warrant, the indictment, the order approving the plea agreement, and the judgment forms. It is not evident from these documents that the prosecutor retaliated against Woods for exercising a constitutional right or discriminated against Woods based upon impermissible grounds. See Richard Gary Horton v. State, No. 03C01-9604-CR-00161, 1997 WL 269470, at *2 (Tenn. Crim. App., at Knoxville, May 22, 1997) (citing State v. Brackett, 869 S.W.2d 936, 940 (Tenn. Crim. App. 1993) ("Only when a prosecutor acts to retaliate against a defendant's exercise of constitutional rights or to discriminate against a defendant upon impermissible grounds, such as race or religion, will a claim of prosecutorial vindictiveness be entertained."). In deciding what charges to present to the grand jury, the prosecutor was not constrained by those listed in the arrest warrant. Rather, the prosecutor was authorized to charge those offenses that were supported by probable cause. Id. (quoting Bordenkircher v. Hayes, 434 U.S. 357, 364, 98 S. Ct. 663, 668 (1978)) ("As long as probable cause exists to believe that an offense has been committed, it is generally within the prosecutor's discretion as to what charge to bring before a grand jury."). Finally, Woods's brief includes several attachments that purportedly support his claim. These documents include an exchange of letters between Woods and his various attorneys. The letters collectively show that Woods received a 5-year offer to plead to aggravated assault before his case was bound over to the grand jury. Following indictment for attempted murder, the letters reflect that Woods received and rejected a 6-year offer to plead to aggravated assault. One of Woods attorneys further advised Woods that "While the difference between CA: Murder 2nd [sic] and Aggravated Assault is somewhat complicated, there is a very, very fine line between the two crimes." Here, we acknowledge that documents appended to briefs are not part of the record and are not to be considered by this court. See Tenn. R. App. P. 24; UT Med. Group, Inc. v. Vogt, 235 S.W.3d 110, 122 (Tenn. 2007) (citing Sherrod v. Wix, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992)); Jerry D. Carney v. State, No. M2006-01740-CCA-R3-CO, 2007 WL 3038011, at *4 n. 2 (Tenn. Crim. App.,

at Nashville, Oct.17, 2007).[3]  Nevertheless, even if we considered these documents, no claim of prosecutorial misconduct is apparent from the record and the exception set forth in Rule 37(b)(2)(iii) is not applicable.  Therefore, this issue is not properly before this court.

**II.  Double Jeopardy**.  Woods claims his conviction for reckless driving violated the Double Jeopardy Clause of both the United States and Tennessee Constitutions.  He asserts that reckless driving is a lesser-included offense of intentionally evading arrest in a motor vehicle; therefore, he argues that he could not be convicted of both offenses.  The State contends that Woods waived this issue by pleading guilty to reckless driving.  The State does not specifically address Rule 37(b) of the Tennessee Rules of Criminal Procedure, and it offers no argument regarding whether reckless driving is a lesser-included offense of intentionally evading arrest.

As in the previous section, we must determine if Woods's claim fits within any of the exceptions set forth in Rule 37(b) of the Tennessee Rules of Criminal Procedure.  Again, the only exception that possibly applies is Rule 37(b)(2)(iii).  This exception addresses errors that were not waived by pleading guilty and that are apparent from the record.  Tenn. R. Crim. P. 37(b)(2)(iii).  This court is somewhat divided on whether a guilty plea waives a double jeopardy claim.

In State v. Franklin, 919 S.W.2d 362 (Tenn. Crim. App. 1995), this court held that a guilty plea waives a claim of merger.  Id. at 368; see also Cecil Eugene Brannan v. State, No. M2002-00628-CCA-R3-CD, 2003 WL 1868648, at *3 (Tenn. Crim. App., at Nashville, Apr. 11, 2003).  The court in Franklin reasoned that Rule 37(b)(2) required the defendant to explicitly reserve a merger claim before pleading guilty.  Franklin, 919 S.W.2d at 368.  Later, in State v. Rhodes, 917 S.W.2d 708 (Tenn. Crim. App. 1995), this court, relying upon Menna v. New York, 423 U.S. 61, 62, 96 S. Ct. 241, 242 (1975), held that a guilty plea does not automatically waive a double jeopardy claim.  Id. at 711.  The holding in Rhodes was followed by several other decisions from this court.  See State v. Walter Jude Dec, No. M2009-01141-CCA-R3-CD, 2010 WL 2977875, at *3-4 (Tenn. Crim. App., at Nashville, July 30, 2010); Sean Earl Jones v. State, No. M2006-00664-CCA-R3-PC, 2007 WL 1174899, at *6-7 (Tenn. Crim. App., at Nashville, Apr. 20, 2007); Dexter P. Jones v. State, No. M2003-01229-CCA-R3-PC, 2004 WL 404496, at *2 (Tenn. Crim. App., at Nashville, Mar.

---

[3]On September 13, 2010, well after the briefs were filed in this matter, the petitioner filed a "Motion to Direct That A Supplemental Record Be Certified And Transmitted" requesting this court to supplement the record with the affidavit of complaint, the arrest report, the blood alcohol report, and "the Statement of the Evidence."  Because none of these items would assist this court in resolving the issues presented, this motion was denied in a separate order.

4, 2004); State v. Milton Spears, Jr., No. C.C.A.02C01-9606-CR-00197, 1997 WL 381569, at *1 (Tenn. Crim. App., at Jackson, July 10, 1997).

In Menna, the Supreme Court stated that "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." Menna v. New York, 423 U.S. 61, 62 (1975). The court explained that, while in some circumstances a guilty plea might constitute a waiver, this was not the case when the claim was clear from the record:

> On November 7, 1968, after being granted immunity, petitioner refused to answer questions put to him before a duly convened Kings County, N. Y., Grand Jury which was investigating a murder conspiracy. On March 18, 1969, petitioner refused to obey a court order to return to testify before the same Grand Jury in connection with the same investigation. On that date, petitioner was adjudicated in contempt of court under s 750 of the New York Judiciary Law for his failure to testify before the Grand Jury; and, on March 21, 1969, after declining an offer to purge his contempt, petitioner was sentenced to a flat 30-day term in civil jail. Petitioner served his sentence.
>
> On June 10, 1970, petitioner was indicted for his refusal to answer questions before the Grand Jury on November 7, 1968. After asserting unsuccessfully that his indictment should be dismissed under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, petitioner pleaded guilty to the indictment and was sentenced on his plea.

Id. at 61; Walter Jude Dec, 2010 WL 2977875, at *4.

Based on Menna and Rhodes, in order to determine whether Woods has waived his double jeopardy claim hinges upon whether the record shows that this claim was previously raised before the trial court. Upon our review, nothing in this record shows that there was any attempt to preserve this issue before the trial court. Accordingly, we conclude that this issue has been waived.

## CONCLUSION

Based on the foregoing, we dismiss Woods's claims of prosecutorial misconduct and double jeopardy because they were waived by the entry of his guilty pleas. The judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE