**STATE of Tennessee, Appellee,**

v.

**Kenneth Donnell FRANKLIN, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Oct. 31, 1995.

Certiorari Denied by Supreme Court March 4, 1996.

---

**82.** *Harris,* 678 S.W.2d at 476–77; *Carter,* 669 S.W.2d at 708.

Gregory D. Smith, Contract Appellate Defender, Clarksville (on appeal), John H. Dickey, District Public Defender, Robert L. Marlow, Asst. Public Defender, Fayetteville (at trial and on appeal), for Appellant.

Charles W. Burson, Attorney General & Reporter, Lynn Cashman, Counsel for the State, Nashville, W. Michael McCown, District Attorney General, Weakley E. Barnard, Asst. District Attorney General, Lewisburg, for Appellee.

## OPINION

PEAY, Judge.

The defendant was charged in the indictment with nine counts of forgery and nine counts of passing a forged instrument. On December 15, 1993, he pled guilty to all nine counts of forgery. At the sentencing hearing on February 9, 1994, the trial court dismissed all nine counts of passing a forged instrument as duplicative of the nine counts of forgery. The trial court sentenced the defendant to the statutory maximum of two years on each count and ordered the sentences on counts stemming from forgeries occurring on separate days to be served consecutively. Since the defendant had forged a total of nine instruments on four separate days, the effective sentence was eight years.

In this appeal as of right, the defendant challenges several aspects of his sentence. Although his brief frames only two issues, the defendant's arguments actually raise four issues for this Court to consider. He contends that his sentence is improper and excessive because:

1. the trial court erred in applying the abuse of private trust enhancement factor under T.C.A. § 40–35–114(15);

2. the trial court erred in using the same factor, namely that the offenses had been committed while on probation, both to enhance the sentences within the appropriate range and to impose consecutive sentences;

3. the trial court erred in beginning its sentencing considerations at the maximum of the appropriate range rather than at the minimum; and,

4. all nine of the defendant's forgery convictions should merge into a single conviction for sentencing purposes.

We find that the defendant's issues are without merit, and his sentences are therefore affirmed.

The proof at the sentencing hearing showed that in early October, 1993, the defendant entered his sister's bedroom and took her checkbook without her knowledge or consent. On October 10, 1993, the defendant wrote a check in the amount of forty dollars ($40.00) payable to himself, forged his sister's signature, and cashed the check at a local market in Marshall County, Tennessee. On October 11, 1993, the defendant again forged a check in the amount of forty dollars ($40.00) payable to himself and cashed it at the same local market. On October 12, 1993, the defendant forged two checks, one in the amount of forty dollars ($40.00) and one in the amount of thirty-five dollars ($35.00), and cashed them at two different local markets. On October 13, 1993, the defendant forged

five checks, four in the amount of forty dollars ($40.00) and one in the amount of forty-five dollars ($45.00), and cashed them at two different local markets. In all, the defendant forged a total of nine checks totalling three hundred sixty dollars ($360) over a period of four days.

The defendant testified that ·he had five prior convictions: one for shoplifting on May 4, 1993; one for theft of up to five hundred dollars ($500) on February 10, 1992; one for robbery on January 15, 1991; one for marijuana possession on October 6, 1986; and one for petit larceny on July 23, 1981. The proof further revealed that the defendant was on probation for both the shoplifting offense and the robbery offense at the time he committed the forgeries.

Based on the testimony and proof presented at the sentencing hearing, the trial court found the following four enhancing factors applicable under T.C.A. § 40–35–114: (1) the defendant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range; (2) the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; (3) the forgeries were committed while on probation; and (4) the defendant abused a position of private trust. The trial court also found one mitigating factor applicable under T.C.A. § 40–35–113, namely that the defendant neither caused nor threatened serious bodily injury.

Finding that the enhancing factors dramatically outweighed the mitigating factor, the trial court sentenced the defendant to two years on each count, the maximum sentence within the range. The trial court found further that, in light of the defendant's extensive criminal history, the potential for rehabilitation was "virtually nil." As a result, the court concluded that the defendant should be confined to protect society from additional criminal conduct. Thus, the trial court ordered the sentences for offenses committed on separate days to run consecutively, resulting in an effective sentence of eight years.

■ When a defendant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness.

T.C.A. § 40–35–401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40–35–401(d) Sentencing Commission Comments. This presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

A portion of the Sentencing Reform Act of 1989, codified at T.C.A. § 40–35–210, established a number of specific procedures to be followed in sentencing. This section mandates the court's consideration of the following:

(1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40–35–113 and 40–35–114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

T.C.A. § 40–35–210.

■ In addition, this section provides that the minimum sentence within the range is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range. The weight to be given each factor is left to the discretion of the trial judge. *State v. Shelton*, 854 S.W.2d 116, 123 (Tenn.Crim.App.1992).

■ The Act further provides that "[w]henever the court imposes a sentence, it *shall place on the record* either orally or in writing what enhancement or mitigating factors it found, if any, as well as findings of fact as required by § 40–35–209." T.C.A.

§ 40–35–210(f) (emphasis added). Because of the importance of enhancing and mitigating factors under the sentencing guidelines, even the absence of these factors must be recorded if none are found. T.C.A. § 40–35–210 comment. These findings by the trial judge must be recorded in order to allow an adequate review on appeal.

In his first issue, the defendant challenges the trial court's finding of an abuse of private trust under T.C.A. § 40–35–114(15). The defendant argues that the abuse of trust enhancement factor is designed for individuals in a fiduciary position, citing *State v. Bilbrey*, 816 S.W.2d 71, 76 (Tenn.Crim.App.1991). *Bilbrey*, however, simply does not support that proposition. Moreover, there is clear precedent for applying the abuse of trust enhancement factor outside of the fiduciary relationship. For example, in *State v. Harris*, this Court found that the abuse of trust enhancement factor properly applied to a case in which a business supervisor used the employer-employee relationship to facilitate commission of an aggravated rape. *State v. Harris*, 866 S.W.2d 583, 588 (Tenn.Crim.App. 1992).

■ Having conducted a *de novo* review on the record, we find that the trial court correctly applied T.C.A. § 40–35–114(15), the enhancement factor concerning the abuse of a public or private trust. The record supports the conclusion that the defendant used his position as the victim's brother to facilitate the commission of the forgeries. Had it not been for their sibling relationship, it seems unlikely that the defendant could have taken the victim's checkbook and forged her signature on nine checks. The defendant's first issue is therefore without merit.

In his second issue, the defendant challenges the use of the same factor, that the forgeries were committed while on probation, both to enhance his sentences and to impose consecutive sentences. The defendant cites the unpublished opinion of *State v. Glenn Pardue*, C.C.A. No. 01C01–9302–CC–00048, 1993 WL 366548, Montgomery County (Tenn. Crim.App. filed September 16, 1993, at Nashville), in support of his contention. Based on *Pardue*, the defendant argues that because the trial court used T.C.A. § 40–35–114(13)(C), that the offenses were committed while on probation, to enhance the defendant's sentences within the range, the trial court cannot use the same fact to impose consecutive sentences under T.C.A. § 40–35–115(b)(6). The defendant contends that the trial court improperly disregarded the *Pardue* decision simply because it was not a published opinion.

■ Although the defendant asserts that there are no cases other than *Pardue* on point, our review of the case law indicates that the issue has been addressed by this Court on several prior occasions. For instance, in *State v. Meeks*, this Court held that consideration of prior criminal activity for both enhancement and consecutive sentencing purposes is allowed. *State v. Meeks*, 867 S.W.2d 361, 377 (Tenn.Crim.App.1993); *see also, State v. Davis*, 825 S.W.2d 109, 113 (Tenn.Crim.App.1991). The *Meeks* court concisely addressed the issue as follows:

> There is no prohibition in the 1989 Sentencing Act against using the same facts and circumstances both to enhance sentences under applicable enhancement factors and to require those sentences to be served consecutively.

*Meeks*, 867 S.W.2d at 377. Likewise, in *State v. Hester*, this Court held that the use of the same facts both to enhance sentences and to impose consecutive sentences does not violate the double jeopardy clause of either the Tennessee Constitution or the United States Constitution. *State v. James A. Hester*, C.C.A. No. 01C01–9410–CC–00352, 1995 WL 301459, Dickson County (Tenn.Crim.App. filed May 17, 1995, at Nashville); *see also, State v. Davis*, 757 S.W.2d 11, 13 (Tenn.Crim. App.1987).

■ In light of the cases cited above, we find that there is ample support for the trial court's decision to favor the published cases over the unpublished decision in *Pardue*. Although a trial court may regard an unpublished opinion as highly persuasive, such opinions are not generally considered authority. *Cook v. State*, 506 S.W.2d 955, 958 (Tenn.Crim.App.1973). Thus, it was not improper for the trial court to use the fact that the defendant committed the forgeries while

on probation both to enhance the sentences under T.C.A. § 40–35–114(13)(C) and to impose consecutive sentences under T.C.A. § 40–35–115(b)(6).

■ Furthermore, our *de novo* review reveals that the record can support both the enhancement and the consecutive sentences with separate facts. In order to enhance a sentence under T.C.A. § 40–35–114(13)(C), the present felony must have been committed while on probation from a prior *felony* conviction. T.C.A. § 40–35–114(13)(C) (emphasis added). In the case at bar, only the defendant's 1991 robbery conviction can satisfy this enhancement factor since the 1993 shoplifting conviction is not a felony. There is, however, no such limitation to prior felony convictions in the language of the consecutive sentencing provision of T.C.A. § 40–35–115(b)(6). Hence, in order to impose consecutive sentences for the *forgery offenses in* the case at bar, the defendant's 1993 shoplifting conviction will satisfy T.C.A. § 40–35–115(b)(6). As a result, the enhancement within the range and the imposition of consecutive sentences are supported by separate facts.

■ Finding that it was proper to apply T.C.A. § 40–35–115(b)(6) does not, however, end our inquiry into the validity of consecutive sentencing. Instead, T.C.A. § 40–35–115 requires further review of whether consecutive sentences are necessary to protect the public from the defendant's possible future criminal conduct and whether the aggregate sentence is reasonably related to the severity of the defendant's present offenses. T.C.A. § 40–35–115 Sentencing Commission Comments. The Sentencing Commission Comments to T.C.A. § 40–35–115 indicate that the multiple convictions statute is essentially a codification of two cases, *Gray v. State,* 538 S.W.2d 391 (Tenn.1976), and *State v. Taylor,* 739 S.W.2d 227 (Tenn.1987). In *Gray,* the Supreme Court stated that "a consecutive sentence should be imposed only after a finding by the trial judge that confinement for such a term is necessary in order to protect the public from further criminal conduct by the defendant." *Gray,* 538 S.W.2d at 393. The key factor in the *Gray* rationale, then, is the defendant's potential for rehabili-

tation. *See Gray,* 538 S.W.2d at 393. In *Taylor,* the Supreme Court stated that consecutive sentences should not be imposed routinely and that the aggregate sentence "must be reasonably related to the severity of the offenses involved." *Taylor,* 739 S.W.2d at 230. Taken together, *Gray* and *Taylor* establish "that consecutive sentences cannot be imposed unless the terms reasonably relate to the severity of the offenses committed and are necessary in order to protect the public from further serious criminal conduct by the defendant." *State v. Wilkerson,* 905 S.W.2d 933 (Tenn.1995).

■ In the present case, the trial court made specific findings with regard to the defendant's potential for rehabilitation. In ordering consecutive sentences, the trial court stated:

> There have been both recently and frequently applied to the defendant measures less restrictive than confinement which have proven to be unsuccessful. The defendant has an extensive criminal history, and obviously past efforts have been unsuccessful. Therefore, he should be confined so as to protect society. Furthermore, the Court finds that based upon this record that his potential for rehabilitation is virtually nil.

From our *de novo* review, we find that the record supports the trial court's findings. The defendant had five criminal convictions prior to the forgeries in this case. Of those five prior convictions, two were felonies. The defendant's theft conviction, shoplifting conviction, and forgery convictions were all committed while he was on probation. In every instance over the past fourteen years in which the defendant has been released into the community after committing a crime, he has resorted to additional criminal activity. It is quite clear from the record that the public needs protection from further criminal conduct of the defendant.

■ With respect to the relationship of the aggregate sentence to the severity of the offenses, we must first note that the defendant committed multiple offenses over a period of several days. Moreover, the defendant was on probation for two separate convic-

tions at the time of the commission of the present offenses. It appears from the record that the defendant has little or no regard for the conditions of probation. Thus, there is substantial evidence in the record showing that the commission of the present offenses was severe enough to warrant an aggregate sentence of eight years. The trial court properly considered all the relevant factors and its findings of fact were adequately supported by the record. It is not this Court's function to substitute our judgment for that of the trial court. *See State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn.Crim.App.1991). The defendant has failed to carry his burden to demonstrate that his sentence is improper, and his second issue is therefore without merit.

■ In his third issue, the defendant contends that the trial court improperly began its sentencing considerations at the maximum of the range rather than at the minimum, in violation of T.C.A. § 40–35–210(e). The defendant points to the following language of the trial court at the sentencing hearing:

> The Court finds that the mitigating factor is so overwhelmingly outweighed by the enhancing factors that the defendant is not deserving of the Court's reducing each sentence from the maximum sentence within the range which is two years.

Apparently, the trial court mentally enhanced the defendant's sentences to the maximum within the range, based on the four enhancing factors, without expressly recording the calculation on the record. The trial court then found, on the record, that the mitigating factor was so outweighed by the enhancing factors that the defendant's sentences merited no reduction.

The oversight on the part of the trial court in not recording its enhancement of the defendant's sentences is, however, of little practical consequence. The record clearly shows the presence of four enhancing factors and only one mitigating factor. Furthermore, the trial court expressly found that the four enhancing factors dramatically outweighed the single mitigating factor. Based on our review of the record, we find that a maximum sentence within the range is certainly

appropriate under these circumstances. The defendant's third issue is therefore without merit.

■ In his fourth and final issue, the defendant argues that his nine forgery convictions should merge into a single conviction "for sentencing purposes." Initially, we must note that this argument seems to be a veiled attempt to convert the defendant's consecutive sentences into concurrent sentences. A defendant who receives nine separate convictions will receive nine separate sentences. Although those nine sentences may run concurrently, in no sense do they "merge for sentencing purposes." We have already addressed the defendant's challenge to his consecutive sentences in his second issue and found that issue was without merit.

From the authority the defendant cites in his argument, it appears that his fourth issue may be an argument that the nine forgery convictions were all part of a single course of criminal conduct which should result in only one conviction. The defendant relies primarily upon *Nelson v. State*, 344 S.W.2d 540 (Tenn.1960), in which the Supreme Court held that successive takings constitute only one larceny if they result from a single, continuing intent or from a continuing larcenous scheme. The defendant contends that his nine forgeries were all motivated by the continuing need to support his drug habit and should therefore constitute a single forgery.

■ The defendant, however, on the advice of counsel voluntarily entered guilty pleas to all nine forgery counts. By entering a guilty plea, a defendant waives all nonjurisdictional procedural or constitutional defects. *See State v. Bilbrey*, 816 S.W.2d 71, 75 (Tenn. Crim.App.1991); *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn.Crim.App.1984). In order to preserve an issue for appeal upon entering a guilty plea, a defendant must explicitly reserve the issue. *See* T.R.A.P. 3(b); Tenn. R.Crim.P. 37(b)(2). In the present case, the defendant did not explicitly reserve the issue concerning merger of his offenses. Thus, the defendant's fourth issue is waived. *See* T.R.A.P. 3(b).

For the reasons set out above, the sentences imposed by the trial court are affirmed.

SUMMERS and WELLES, JJ., concur.