# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## NOVEMBER 1998 SESSION



FILED

February 9, 1999

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9711-CR-00512 |
| Appellee, | ) |
| | ) Sumner County |
| V. | ) |
| | ) Honorable Jane W. Wheatcraft, Judge |
| | ) |
| **MARK CRITES,** | ) (Violation of Community Corrections) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

Zoe Laakso
Assistant Public Defender
117 East Main Street
Gallatin, TN 37066

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Georgia Blythe Felner
Counsel for the State
425 Fifth Avenue North
Nashville, TN 37243-0493

Lawrence Ray Whitley
District Attorney General

Lytle Anthony James
Assistant District Attorney General
113 East Main Street
Gallatin, TN 37066

OPINION FILED: _____

**REVERSED AND REMANDED**

**L. T. LAFFERTY**
Senior Judge

# O P I N I O N

Mark Crites appeals from the revocation of his community corrections sentence. He challenges both the propriety of that revocation and his resentencing, arguing that: (1) the trial court abused its discretion in revoking his community corrections sentence; (2) the trial court misapplied certain enhancement factors and that his sentences are, therefore, excessive; and (3) the trial court erred in ordering consecutive sentencing. After careful review of the record and arguments of counsel, we conclude the trial court relied upon improper evidence in revoking the community corrections sentence. We remand for another revocation hearing.

## I. PROCEDURAL BACKGROUND

On July 18, 1996, the appellant pled guilty to one count each of burglary and theft over $500. He was sentenced to consecutive terms of two years for the burglary and one year for the theft. Except for five months in the Sumner County Jail, these sentences were to be served on community corrections.

On April 23, 1997, a warrant was issued for the appellant's violation of his community corrections sentence. This warrant alleged that the appellant had been arrested on January 23, 1997, on charges of theft over $1,000 and evading arrest. On June 17, 1997, the warrant was amended to allege the following additional violations:

> (1) Positive drug screen for marijuana and cocaine on June 6, 1997;
>
> (2) Positive drug test for cocaine from SmithKline Laboratory;
>
> (3) Admitted to smoking marijuana in jail about three weeks prior to drug screen;
>
> (4) Failure to pay court costs;
>
> (5) Arrested on June 11, 1997, in Franklin, Tennessee on the following charges:

(a) DUI, fifth offense;

(b) Driving on a revoked license, eighth offense;

(c) Disorderly conduct;

(d) Evading arrest; and

(e) Habitual offender.

Following a hearing, the trial court found "that Mr. Crites has been charged with [additional offenses] . . . and is simply not suitable for a community-based program." No findings were made as to the other grounds alleged in the warrant. The community corrections sentence was revoked.[1]

In a subsequent sentencing hearing, the trial court found two applicable enhancement factors: the appellant has a history of unwillingness to comply with the conditions of a sentence involving release in the community, see Tenn. Code Ann. § 40-35-114(8); and the felonies were committed while the appellant was serving a community-based sentence, see Tenn. Code Ann. § 40-35-114(13). The trial count acknowledged no mitigating factors. Based on these findings, the trial court revoked the appellant's community corrections sentence and resentenced him to the Range I maximums of four years' incarceration for the burglary conviction and two years for the theft. The trial court further ordered these sentences to run consecutively, finding that the appellant has an extensive record of criminal activity, see Tenn. Code Ann. § 40-35-115(b)(2), and that consecutive terms of confinement "reasonably relate[] to the seriousness of the offenses" and are "necessary to protect society from this man." See Tenn. Code Ann. §§ 40-35-102, -103; State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

---

[1]Actually, the trial court heard testimony in the revocation proceeding and immediately moved into the sentencing hearing prior to making any findings in the revocation proceeding. The findings and conclusions of the trial court were stated at the conclusion of the sentencing hearing. Although we have found no prejudice to appellant as a result of this unusual procedure, we discourage it. Evidence at a sentencing hearing may be irrelevant to a revocation proceeding, and vice-versa. Further, judicial economy is not adversely affected by the limited time required to announce findings in the revocation proceeding before the sentencing hearing, assuming there is a revocation.

## II.  VIOLATION OF COMMUNITY CORRECTIONS

The appellant first argues that the trial court erred in revoking his community corrections sentence.  Whether to revoke a community corrections sentence is a decision committed to the sound discretion of the trial court.  We review that decision for abuse of discretion.  However, this Court will not upset the trial court's decision on appeal if there is any substantial evidence to support the conclusion that a violation occurred.  See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).  Proof of a violation need not be established beyond a reasonable doubt, but is sufficient if the proof allows the trial court to make a conscientious and intelligent judgment.  See id.

The appellant asserts that the trial court should not have allowed Probation Officer Valerie Lee to testify regarding the allegations in the community corrections violation warrant, including the appellant's alleged June 11, 1997 arrest, the drug screening performed by the SmithKline laboratory, and the internal drug screening performed by the probation office.  He argues that the evidence presented by Lee on each of these allegations was unreliable hearsay and, as such, violated his right to confront and cross-examine the witnesses against him.

### A.  Revocation Proceeding

Regarding the allegation of the appellant's arrest, Lee testified that on June 11, 1997, while the appellant was serving his community corrections sentences, he was arrested and charged with DUI, fifth offense; driving on a revoked license, eighth offense; disorderly conduct; evading arrest; and habitual offender.  Although Lee stated that she had not personally interviewed the officer who arrested the appellant on the June 11, 1997 charges, she did provide certified copies of both the affidavits of complaint and the indictments relating to these charges.  Appellant objected to this testimony.

Lee then testified that, while in jail on June 6, 1997, the appellant had admitted smoking marijuana and had tested positive for both marijuana and cocaine on a locally-conducted screening.[2]  She stated that the appellant's sample was then sent by another probation officer to the SmithKline laboratory, where it tested positive for cocaine.  The defense objected to Lee's testimony and continues to contest that issue on appeal.  However, in clarifying its objection at the hearing, the defense specifically stated that it did not object to Lee's testimony regarding the appellant's admission to smoking marijuana.

Lee explained how the local screening is conducted at her probation office and testified that she had personally received approximately eight hours of drug-test training.[3]  Over objection by the defense, the trial court admitted the SmithKline laboratory report, finding that it was impractical to require the state to produce witnesses from the SmithKline laboratory, which is located in Atlanta, Georgia.

The necessity of this Court's examination of the various issues raised by appellant appears to have been limited by the trial court's findings with regard to the revocation.  The sole finding of the trial court to support the revocation was that the appellant had been "charged" with various offenses.  Accordingly, we will first examine the propriety of relying upon these "charges."

### B.  Relying Upon An Indictment

The fact that one has been indicted for a new offense does not establish a violation.  An indictment is based upon probable cause, State v. Brackett, 869 S.W.2d 936, 938 (Tenn. Crim. App. 1993), whereas the standard for revocation is preponderance of the evidence.  State v. Harkins, 811 S.W.2d at 82.

---

[2]Although it is somewhat unclear from the testimony, it appears the test was conducted by another probation officer and not Lee.  Lee was testifying from records.

[3]See footnote 2.

A mere accusation, standing alone, is not sufficient to justify revocation of a community corrections sentence. See Id. at 83. The state is required to present at least some fact which would permit the trial court to make a conscientious and intelligent judgment as to the violation. State v. Danny McDonald, C.C.A. No. 01C01-9102-CC-00032, Maury County (Tenn. Crim. App. filed May 7, 1992, at Nashville)(holding an indictment itself is insufficient to establish a probation violation). The trial court erred in relying upon the indictments.

### C. Relying Upon Affidavits

The state argues that certified copies of the affidavits of complaint constitute proper evidence upon which to base the revocation. We respectfully disagree. The affidavits were executed by a police officer who did not testify at the revocation hearing. Appellant objected to the introduction of this evidence. In a revocation proceeding the accused must be afforded due process, which includes the conditional right to confront and cross-examine witnesses. Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Although the right to cross-examine adverse witnesses is not absolute and may be relaxed under certain circumstances, there must be a finding of good cause for not allowing confrontation as well as a finding that the evidence is reliable. State v. Wade, 863 S.W.2d 406, 409 (Tenn. 1993). In the case at bar there was no good cause finding relating to the officer not testifying at the revocation proceeding. Thus, the trial court could not rely upon the matters set forth in the affidavits.

The state's reliance upon State v. Charles Wayne Richardson, C.C.A. No. 03C01-9503-CR-00065, Blount County (Tenn. Crim. App. filed August 7, 1995, at Knoxville), is misplaced. In that case this Court approved the reliance upon information set forth in an arrest warrant and affidavit to support a revocation; however, this Court specifically stated that this evidence was introduced without objection. This evidence could, therefore, be considered substantively. In the case at bar, the appellant objected to the introduction of the evidence.

## D. Necessity for Remand

We, therefore, conclude that the trial court erred in relying upon the new "charges" and affidavits of complaint. Since that was the sole basis relied upon by the trial court for revocation without any findings as to the other allegations, it is necessary that the matter be remanded for another revocation hearing. Although the appellant admitted to the use of marijuana, this was not relied upon by the trial court; therefore, this Court is reluctant to substitute its judgment for that of the trial court as to the effect of this admission.

## E. Other Issues

For guidance upon remand, this Court would note that the introduction of the laboratory report was also error. At the revocation hearing the state offered and the trial court admitted a one-page document from the clinical laboratory reflecting a positive cocaine analysis. The introduction of this evidence does not meet the proper criteria for admission. *See* State v. Wade, 863 S.W.2d at 409; State v. Gregory, 946 S.W.2d 829, 831-32 (Tenn. Crim. App. 1997).

The appellant also argues that the trial court erred in relying on the appellant's failure to pay court costs. The trial court made no mention of appellant's failure to pay costs. However, in the event this issue is presented upon remand, the trial court should consider the issue in light of State v. Dye, 715 S.W.2d 36 (Tenn. 1986).

## IV. SENTENCE ENHANCEMENT

The appellant next argues that his sentences are excessive. He disputes the trial court's application of both enhancement factors (8) and (13), see Tenn. Code Ann. § 40-35-114(8), (13), and further argues that the court should have found as a mitigating factor that his criminal conduct neither caused nor threatened serious bodily injury, see Tenn. Code Ann. § 40-35-113(1).

When an accused challenges the length or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this Court must consider (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) any statutory mitigating or enhancement factors; (6) any statement made by the accused in his own behalf; and (7) the potential or lack or potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). The appellant carries the burden of showing that his sentence is improper. See Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments; State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996).

The appellant argues that the trial court erroneously based its application of enhancement factor (8), the appellant has a history of unwillingness to comply with the conditions of a sentence involving release into the community, upon the appellant's current violation of his community corrections sentence. This argument is not supported by the

record. Rather, the presentence report reflects that the appellant has violated probation on many prior occasions unrelated to the present case. We, therefore, agree with the trial judge that the applicability of factor (8) is "abundantly clear."

As to enhancement factor (13), the appellant argues that "[t]here is no proof in the record that the appellant was on one of the forms of release status enumerated in section 40-35-114(13) at the time the crimes were committed." We agree. The trial court applied factor (13) based on the appellant's being "charged with felonies committed while he [was] on a community-based program." This factor will apply to the sentencing for those felonies that the appellant is accused of committing while serving his now-revoked community corrections sentence, if and when the appellant is tried and convicted. However, there is no indication in the record that the appellant was on probation, parole, or any other form of community release from a prior felony on August 5, 1995, when the burglary and theft subject of the immediate resentencing were committed.[4] We, therefore, find that the trial court erred in enhancing the appellant's sentence pursuant to factor (13).

It does not appear that the trial court intended to apply enhancement factor (1), the appellant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. See Tenn. Code Ann. § 40-35-114. The trial court's only mention of the appellant's criminal history related to its finding that consecutive sentencing was warranted. Nevertheless, pursuant to our de novo review, we find that enhancement factor applicable. See State v. Adams, 864 S.W.2d 31, 34 (Tenn. 1993) ("[T]he Court of Criminal Appeals . . . is authorized to consider any enhancement (or mitigating) factors supported by the record," whether or not relied upon by the trial court.).

Finally, the appellant argues that the trial court erred in failing to find that the appellant's crime neither caused nor threatened serious bodily injury and to mitigate his

---

[4]Given the appellant's extensive record, it is quite possible that he was on one of the applicable forms of release status; however, we find nothing in the record that so indicates. Moreover, Tenn. Code Ann. § 40-35-114(13) not only requires a defendant to be on one of the enumerated forms of community-based release, but also that he be on such release from a prior felony. The appellant's criminal record does not reflect any prior felony convictions.

sentence accordingly. See Tenn. Code Ann. § 40-35-113(1). Although the appellant argued this factor to the trial court during the sentencing hearing, the court did not articulate any finding as to its applicability. But, while this Court has held that "even the absence of [enhancement or mitigating] factors must be recorded," State v. Franklin, 919 S.W.2d 362, 366 (Tenn. Crim. App. 1996), the appellant provides no record upon which we might determine the applicability of this factor. We find, therefore, that the appellant has failed to carry his burden of showing that his sentence was improper. See Jernigan, 929 S.W.2d at 395.

In sum, we find that the trial court erred in applying enhancement factor (13). We find no error in the application of enhancement factor (8), and we further find that the appellant's sentence should have been enhanced pursuant to factor (1). As the appellant has failed to carry his burden of showing the applicability of any mitigating factor, we find none. Given these conclusions, enhancement of the appellant's sentence to the Range I maximums of four and two years, respectively, was appropriate.

## V. CONSECUTIVE SENTENCING

Finally, the appellant challenges the trial court's order for consecutive service of his sentences. At the sentencing hearing, the state introduced a presentence report of the appellant's criminal history, along with the testimony of Probation Officer Carolyn Megar who had prepared the report. Megar testified that she compiled the report from information obtained from the District Attorney's office, the Williamson County Probation Department, a Williamson County record check, and an interview with the appellant. Megar did not, however, further support the report with certified copies of the appellant's convictions.

Relying on this presentence report, which shows some forty-four misdemeanor convictions, the trial court found that the appellant is an offender whose record of criminal activity is extensive. See Tenn. Code Ann. § 40-35-115(2). The appellant challenges that finding, arguing that the evidence before the court was unreliable hearsay and that, in any

event, a finding of extensive criminal history may not be appropriately based solely upon misdemeanor convictions. We disagree on both points.

With regard to the admissibility of evidence at sentencing hearings, Tenn. Code Ann. § 40-35-209(b) states: "The rules of evidence shall apply, except that reliable hearsay including, but not limited to, certified copies of convictions or documents, may be admitted if the opposing party is accorded a fair opportunity to rebut any hearsay evidence so admitted . . . ." Although the contents of the presentence report were hearsay, we have no reason to doubt the report's reliability.[5] Thus, we find no error in the trial court's consideration of this evidence in the present case.

As to whether it is permissible to find an extensive history of criminal activity based solely upon misdemeanor convictions, we simply note that the applicable statute does not distinguish between misdemeanor and felony convictions. See Tenn. Code Ann. § 40-35-115(b)(2) ("The court may order sentences to run consecutively if the court finds by a preponderance of the evidence that . . . [t]he defendant is an offender whose record of criminal activity is extensive."). We have no reservation in agreeing with the trial court that the appellant's forty-four prior misdemeanor convictions, which include convictions for several assaults, thefts under $500, and other relatively serious offenses, warrant finding that he has an extensive record of criminal activity.[6]

## VI. CONCLUSION

[5]Addressing the reliability of a presentence report, this Court previously stated, "[W]e see little problem in concluding that a trial court is in the best position to know the procedures used by presentence officers in his or her court and is entitled to rely on such a report's contents, absent a showing that the report is based upon unreliable sources or is otherwise inaccurate." State v. Richard J. Crossman, No. 01C01-9311-CR-00394 (Tenn. Crim. App., Nashville, October 6, 1994). In the present case, Officer Megar, who prepared the report, testified and was cross-examined on her sources and methods of preparation. Her answers satisfied the trial court, and they satisfy this Court as well.

[6]In an analogous vein, this Court has upheld sentence enhancement upon a finding of a history of criminal convictions in addition to those necessary to establish the appropriate range, see Tenn. Code Ann. § 40-35-114(1), based solely upon misdemeanor convictions. See Clifford T. Garrett v. State, No. 03C01-9408-CR-00296 (Tenn. Crim. App. filed July 6, 1995, at Knoxville).

The order of revocation and resulting sentencing judgments are VACATED. The trial court shall conduct another revocation hearing. In the event the trial court again revokes community corrections, the challenged sentencing judgments reflecting an effective sentence of six years may be re-entered. An appeal may be taken as to the correctness of the trial court's action at the new revocation hearing.

_____
L. T. LAFFERTY, Senior Judge

CONCUR:


___(Not Participating)_____
PAUL G. SUMMERS, JUDGE



_____
JOE G. RILEY, Judge