# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
May 2000 Session

## STATE OF TENNESSEE v. CLARENCE WEAVER

**Direct Appeal from the Criminal Court for Knox County**
**No. 66689     Richard R. Baumgartner, Judge**

---

**No. E1999-02005-CCA-R3-CD**
**August 21, 2000**

This appeal arises from the sentence that the defendant received after pleading guilty to aggravated burglary. He challenges the trial court's application of one of the four enhancement factors found, refusal to apply three mitigating factors, and refusal to place him in the Community Alternatives to Prison Program (CAPP). Based upon our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Clarence Weaver.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Marsha Selecman, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On August 12, 1999, the defendant, Clarence Weaver, pled guilty to aggravated burglary, a Class C felony. The burglary occurred on August 19, 1996. The defendant was subsequently sentenced to fourteen years as a persistent Range III offender, and his application for placement in the Community Alternatives to Prison Program was denied by the trial court. The defendant appealed and raised the following issues for our consideration:

> I.      Did the trial court err in applying the sentence enhancement factor that the defendant was the leader in the commission of this offense?

II.    Did the trial court err in refusing to apply the statutory mitigating factor that the defendant's conduct neither caused nor threatened serious bodily injury?

III.    Did the trial court err in refusing to apply the statutory mitigating factor that the defendant played a minor role in the commission of the offense?

IV.    Did the trial court err in refusing to apply the statutory mitigating factor that the defendant assisted the authorities in uncovering offenses committed by other persons or in detecting or apprehending other persons who had committed the offenses?

V.    Did the trial court err in refusing to place the defendant in the Community Alternatives to Prison Program (CAPP)?

Based upon our review of the record, we affirm the judgment of the trial court.

## FACTS

For the purposes of sentencing, the trial court classified the defendant as a Range III persistent offender, making the appropriate range of punishment ten to fifteen years at forty-five percent for the Class C felony of aggravated burglary. At the sentencing hearing on August 12, 1999, the trial court heard testimony from one of the victims, the investigating officer, and the defendant. The court reviewed the presentence report, the defendant's statements to police, the victim impact statement, and the report from the CAPP office in making its sentencing determination. The trial judge noted that this was a non-probatable offense, and the defendant's only option was incarceration or CAPP. In imposing a sentence of fourteen years in the Tennessee Department of Correction, the court found that the following four enhancement factors applied: factor (1), the defendant has a previous record of additional criminal conduct; factor (2), the defendant was the leader in the commission of the crime involving two or more actors; factor (3), there was more than one victim; and factor (8), the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release into the community. The court rejected mitigating factors (1), the criminal conduct did not cause or threaten serious bodily injury, and (4), the defendant played a minor role in the offense. The trial court agreed with the CAPP review findings that the defendant was not an appropriate candidate for the program, and his application for alternative sentencing was denied.

## ANALYSIS

In reviewing a sentence, we conduct a *de novo* review with a presumption of correctness of the trial court's findings. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all

relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). We find that the trial court properly considered the appropriate factors, and the presumption of correctness applies.

In conducting our *de novo* review of the sentences, we must consider: (1) the evidence received at trial and at the sentencing hearing; (2) the presentence report; (3) sentencing principles; (4) arguments for sentencing alternatives; (5) the nature and characteristics of the criminal conduct involved; (6) any mitigating and enhancement factors; (7) the defendant's statements regarding sentencing; and (8) the defendant's potential, or lack thereof, for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (1997); State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). The defendant has the burden of showing that he received an improper sentence. Ashby, 823 S.W.2d at 169.

## I.

### Enhancement Factor (2)

The defendant challenges only the trial court's application of enhancement factor (2), that he was the leader in the offense. He argues that the evidence presented shows that he did not direct his sons to burglarize the house but merely drove them to and from the scene. The defendant points to the fact that he never exited the car, never entered the residence, and did not assist his sons in entering the residence. The trial court explained the application of this factor by pointing to the fact that the defendant is the father of his two young co-defendants, and the evidence showed that he was an active and directing participant in the offense. After hearing all of testimony at the sentencing hearing, the trial judge told the defendant:

> THE COURT: Mr. Weaver, I will look you in the eye and tell you I don't believe you when you say that you did this for the purpose of putting food on your family's table. I think you did it for the purpose of having money to buy alcohol and possibly other substances. I don't think it was done for the purpose of improving your family situation. I think it was done for a personal motive of obtaining things that you could not otherwise obtain, including the use of alcohol and other illegal substances. So I just don't believe you, Mr. Weaver, and I don't say that very often, but that is the way I feel about this particular case.

After a reading of the presentencing report and the defendant's statements to police, along with the rest of the record, we agree with the trial court that this factor applied. The only evidence offered to show that the defendant was not the leader was the testimony of the defendant himself,

and the trial judge simply did not find him to be a credible witness. We will not disturb the trial court's assessment of credibility on appeal. In addition, there was evidence presented that the defendant was the one who sold the stolen items, and the presentencing report shows that he has a long history of criminal behavior beginning in the 1970's with a conviction for aiding and abetting embezzling mail and grand larceny. We find that the record adequately supports the application of enhancement factor (2).

## II.

### Mitigating Factors (1), (4), and (10)

The defendant's argument that mitigating factors were erroneously refused by the trial court is likewise without merit. He argues that mitigating factor (1), that his criminal conduct did not threaten serious bodily injury, should have been applied to lessen his sentence, because the victims were not at home during the burglary. The trial court was not specific in attaching facts to its refusal to apply this factor, other than to say that a non-violent classification of an offense does not mean that this factor should automatically apply.

Considering a similar argument in State v. Timothy Alan Hopper, No. 02C01-9709-CC-00371, 1999 WL 167611, at *4 (Tenn. Crim. App., Jackson, Mar. 29, 1999), perm. app. denied, (Tenn. Sept. 20, 1999), Judge (now Justice) Barker wrote:

> We are not prepared to hold that mitigating factor (1) applies merely because the appellant's actions fit the elements of the convicted burglary offense. To do so would effectively require trial courts to mitigating a defendant's sentence any time there is a conviction of burglary.

We conclude this mitigating factor was properly refused by the trial court. The defendant and his sons took several guns in the burglary, and their possession of these deadly weapons threatened serious bodily injury to anyone who would have interrupted the burglary. The burglary appears to have taken place during the day, and the probability of interruption by the victims or third parties was high. In fact, a neighbor was the person who called the police.

Even if the trial court should have applied mitigating factor (1), it would not have made a difference in the defendant's sentence. Just because a mitigating factor exists, a reduction in sentence is not required. We have previously held that a maximum sentence can be imposed by a trial court, even when a mitigating factor applies. State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995), perm. app. denied, (Tenn. 1996) (mitigating effect of factor (1) completely outweighed by enhancement factor); State v. Franklin, 919 S.W.2d 362, 365 (Tenn. Crim. App. 1995), perm. app. denied, (Tenn. 1996) (defendant received maximum sentence where four enhancement factors completely outweighed mitigating factor (1)). In addition, the weight to be given each factor is left to the discretion of the trial court. Id. Considering the fact that the court found four enhancement

factors, the presence of this mitigating factor does not mean that the sentence would have been reduced.

Mitigating factor (4), that the defendant played a minor role, was found not to be applicable, because the trial court determined that the defendant was the leader in the burglary. The fact that he did not go into the residence with his sons but merely drove the getaway car did not convince the trial court that he was a minor player in the offense, and that decision is adequately supported by the record.

The trial court was also correct in refusing to apply mitigating factor (10), the defendant assisted authorities in locating or recovering the stolen goods. However, the defendant did not give his statements to police until a year and a half after the crime and only after being implicated by one of his sons. Since the stolen property was not recovered, we will never know if the name of the buyer given by the defendant was correct information. The person named as the buyer apparently denied any knowledge of the property. This factor was not applicable.

The result of the trial court's application of four enhancement factors and no mitigating factors is adequately supported by the record, and the defendant's fourteen-year sentence was proper. The defendant has failed to carry his burden of showing that the sentence was improper.

## III.

## CAPP

The defendant argues that he should have been placed in the Community Alternatives to Prison Program (CAPP). He contends, among other reasons, that his criminal record merely consists of non-violent driving or property crimes, and his military service shows that he is capable of functioning well in a structured environment. The defendant argues that his current substance abuse habit would be better dealt with in the program, rather than in prison.

We must first determine if the defendant is a suitable candidate for alternative sentencing under the Community Corrections Act of 1985. A suitable candidate is an especially mitigated or standard offender who does not possess a criminal history that shows a clear disregard for the laws and morals of society and has not failed past efforts at rehabilitation. Tenn. Code Ann. § 40-35-102(5), (6) (1990 & Supp. 1996); State v. Grigsby, 957 S.W.2d 541, 545 (Tenn. Crim. App.), perm. app. denied (Tenn. 1997). Since the defendant was sentenced as a Range III persistent offender and has a long history of disregard for the laws and morals of society, we do not find him to be a suitable candidate for alternative sentencing.

Even if the defendant were to meet the minimum eligibility requirements of the Community Corrections Act, he is not necessarily entitled to an alternative sentence. State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999). In this case, the record supports the trial court's determination that the defendant was not eligible for CAPP. The court found four enhancement

factors and no mitigating factors. Additionally, the assessment of the CAPP representative stated that the defendant was not an appropriate candidate for their program. The CAPP report noted that the defendant's criminal history dates back to the early 1970's and included a federal charge in which his probation was later revoked. Of particular concern to CAPP was the fact that the defendant committed the aggravated burglary with his sons, has a severe substance abuse disorder, and tested at a 48.1% recidivism rate without treatment. The trial court also made it clear that it did not find the defendant to be credible. We see no reason to disturb the trial court's decision and affirm the denial of placement in the CAPP.

## CONCLUSION

From our review of the record, we hold that the trial court properly applied enhancing factor (4) and properly refused to apply mitigating factors (1), (4), and (10). In addition, we hold that the trial court's denial of placement in the CAPP was properly supported in the record. Therefore, the defendant has failed to carry his burden of showing that the sentence was improper, and the judgment of the trial court is affirmed.

_____
ALAN E. GLENN, JUDGE