IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 22, 2018

## O'DELL TAYLOR WISDOM v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sullivan County**
**No. S59091, S57413        James Goodwin, Judge**

_____

### No. E2017-02336-CCA-R3-PC
_____

Petitioner, O'Dell Taylor Wisdom, appeals from the summary dismissal of his *pro se* pleading in which he alleges that his convictions for failure to appear and contempt violate the prohibition against double jeopardy.  We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT W. WEDEMEYER, J., joined.

O'Dell Taylor Wisdom, Mountain City, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Barry Staubus, District Attorney General; and Gene Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Petitioner, O'Dell Taylor Wisdom, pled guilty on July 28, 2011, to failure to appear at the Sullivan County Jail to serve his eight-year effective sentence for three convictions involving the sale of cocaine within 1,000 feet of a school. He received a sentence of five years at forty-five percent to be served in the Tennessee Department of Correction.  Petitioner also pled guilty to contempt of court for failure to report and was sentenced to ten days, to be served on probation and concurrently with the five-year sentence for failure to appear.

On November 20, 2017, Petitioner filed a *pro se* "Petition for Writ of Error," alleging that his dual convictions for failure to appear and contempt constituted double

jeopardy. The trial court treated the petition as a petition for writ of error coram nobis and summarily dismissed it. The trial court concluded:

> Petitioner alleges that double jeopardy was violated because he pled guilty to failure to appear and contempt of court due to an allegation that he failed to report to the jail on a specific date and time as ordered by the court. Petitioner does not allege any newly discovered evidence as required for writ of error coram nobis.

On appeal, the State asserts that the claim does not qualify as a proper claim for a petition for writ of error coram nobis and that even if it did qualify, it is time-barred. The State further argues that although the "Petition for Writ of Error" could have been treated as a petition for post-conviction relief, it is likewise time-barred, and the issue has been previously determined by this court on appeal. We agree. We note that in his reply brief, Petitioner asserts that his "Petition for Writ of Error" is neither a "Writ of Error Coram Nobis" nor a "Petition for Post-conviction Relief." Regardless of the pleading, Petitioner is not entitled to any relief based upon the claim that he has made.

A writ of error coram nobis is a very limited remedy which allows a petitioner the opportunity to present newly discovered evidence "which may have resulted in a different verdict if heard by the jury at trial." *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001); *see also State v. Mixon*, 983 S.W.2d 661 (Tenn. 1999). The remedy is limited "to matters that were not or could not be litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding." T.C.A. § 40-26-105(b). Examples of newly discovered evidence include a victim's recanted testimony or physical evidence which casts doubts on the guilt of the Petitioner. *Workman*, 41 S.W.3d at 101; *State v. Ratliff*, 71 S.W.3d 291 (Tenn. Crim. App. 2001); *State v. Hart*, 911 S.W.2d 371 (Tenn. Crim. App. 1995). The supreme court has stated the following concerning the standard to be applied when a trial court reviews a petition for writ of error coram nobis:

> [T]he trial judge must first consider the newly discovered evidence and be "reasonably well satisfied" with its veracity. If the defendant is "without fault" in the sense that the exercise of reasonable diligence would not have led to a timely discovery of the new information, the trial judge must then consider both the evidence at trial and that offered at the coram nobis proceeding in order to determine whether the new evidence may have led to a different result.

*State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007). Whether to grant or deny a petition for writ of error coram nobis rests within the sound discretion of the trial court. *Id.* at 527-28.

A petition for writ of error coram nobis must be dismissed as untimely filed unless filed within one (1) year of the date on which the petitioner's judgment of conviction became final in the trial court. *Mixon*, 983 S.W.2d at 670. The only exception to this is when due process requires a tolling of the statute of limitations. *Workman*, 41 S.W.3d at 103.

A post-conviction petition must be brought within one year of the date of the final action of the appellate court (if an appeal is taken) or within one year of the date the judgment becomes final, and failure to file within the limitations period bars relief and removes the case from the court's jurisdiction. T.C.A. § 40-30-102(a). A petition for post-conviction relief shall be dismissed where "the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined." T.C.A. § 40-30-106(f); *see Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("When a claim has been previously determined, it cannot form the basis for post-conviction relief.").

Notwithstanding the untimeliness of a petition for writ of error coram nobis or a petition for post-conviction relief in this case, Petitioner is not entitled to relief based on a tolling of the statute of limitations. He does not allege any newly discovered evidence for a petition for writ of error coram nobis or a petition for post-conviction relief. Moreover, double jeopardy claims are inappropriate for a writ of error coram nobis. *Toney Jason Hale v. State*, No. M2011-01992-CA-R3-CO, 2012 WL 1895951, at *5 (Tenn. Crim. App. May 23, 2012)("This alleged error could have been litigated in the trial court before the plea and on direct appeal").

Finally, as for a petition for post-conviction relief, this claim has already been raised by Petitioner in a petition for writ of habeas corpus. On appeal, this court held:

> However, the contempt offense and failure to appear conviction were not part of the same guilty plea agreement, other than the agreement about the alignment of sentences. The Petitioner's guilty plea to the three felony drug convictions occurred before his actions precipitating the convictions for failure to appear and contempt. The Petitioner essentially entered into three separate plea agreements, all pleas being entered on different dates.
>
> In *State v. Franklin*, this court held that a guilty plea waives a claim of merger on double jeopardy grounds and that Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure required a defendant to explicitly reserve a claim of merger prior to pleading guilty. *Franklin*, 919 S.W.2d 362, 368 (Tenn. Crim. App. 1995); *see also Cecil Eugene Brannan v. State*, No. M2002-00628-CCA-R3-CD, 2003 WL 1868648,

at *3 (Tenn. Crim. App. Apr. 11, 2003). Additionally, in *State v. Rhodes*, this court relied on the United States Supreme Court decision of *Menna v. New York*, 423 U.S. 61, 62 (1975), and determined that a guilty plea does not automatically waive a double jeopardy claim when it is apparent from the record that the claim was raised before the trial court. *Rhodes*, 917 S.W.2d 708, 710-11 (Tenn. Crim. App. 1995). Nowhere is it evident from the record that the Petitioner raised a double jeopardy argument before the trial court. *See State v. Ronald Woods, Jr.*, No. W2009-02580-CCA-R3-CD, 2010 WL 4117165, at *4-5 (Tenn. Crim. App. Oct. 20, 2010) (holding that double jeopardy claim was waived because nothing in the record showed that there was any attempt to preserve this issue before the trial court).

*Odell Wisdom v. Lee*, No. E2016-01737-CCA-R3-HC, 2017 WL 991910, at *3 (Tenn. Crim. App. Mar. 14, 2017).

After fully reviewing the record, we agree that Petitioner's double jeopardy claim is not proper for a petition for writ of error coram nobis nor is it proper for a petition for post-conviction relief as it has been previously determined by this court.

As mentioned above, Petitioner is insistent that his petition for "Writ of Error" is *not* a petition for writ of error coram nobis and *not* a petition for post-conviction relief. Accepting his assertion as correct, the trial court's summary dismissal of the petition was appropriate. There is no recognized avenue for relief by "petition for writ of error." Furthermore, under Petitioner's expressed theory for relief, the rules of appellate procedure do not provide for an appeal as of right from dismissal of a "petition for writ of error." T.R.A.P. 3(b)( Rule 3(b) contemplates an appeal from a judgment of conviction, from an order denying or revoking probation, or " an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, from a final order on a request for expunction, and from the denial of a motion to withdraw a guilty plea . . .").

We have chosen to review Petitioner's appeal, as the trial court did, to see if the claim meets requirements for any cognizable claim to entitle him to relief. For the reasons stated above, the petition fails to do so.

## CONCLUSION

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE