IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
June 28, 2000 Session

## STATE OF TENNESSEE v. WILLIAM T. EMERSON

**Appeal as of Right from the Criminal Court for Sullivan County**
**No. S41,565     Phyllis H. Miller, Judge**

---

**No. E1999-02314-CCA-R3-CD**
**October 16, 2000**

---

The appellant, William T. Emerson, was convicted by a jury in the Criminal Court of Sullivan County of one count of reckless driving, a class B misdemeanor, one count of evading arrest, a class A misdemeanor, and one count of driving on a revoked license, a class B misdemeanor. The trial court sentenced the appellant to six months incarceration in the Sullivan County jail for reckless driving. The trial court also sentenced the appellant to six months incarceration in the Sullivan County jail for driving on a revoked license. Additionally, the trial court sentenced the appellant to eleven months and twenty-nine days incarceration in the Sullivan County jail for evading arrest. The trial court further ordered the appellant to serve his sentences for reckless driving and driving on a revoked license concurrently, but ordered that the sentence for evading arrest be served consecutively to the other sentences. The appellant raises the following issues for our review: (1) whether the jury verdict was contrary to the law and the evidence; (2) whether the evidence in the record is insufficient as a matter of law to sustain the convictions; (3) whether the evidence in the trial preponderates against the guilt of the appellant and in favor of his innocence; and, (4) whether the trial court erred in sentencing the appellant to consecutive sentences. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES, and JAMES CURWOOD WITT, JR., JJ., joined.

Richard A. Tate, Blountville, Tennessee, for the appellant, William T. Emerson.

Paul G. Summers, Attorney General and Reporter, Patricia C. Kussman, Assistant Attorney General, and J. Lewis Combs, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Factual Background

On the night of October 31,1997, Officer James Shores, of the Bristol, Tennessee Police Department, was driving home from work in his personal vehicle when he noticed a white Ford Ranger pickup truck run a red light. Officer Shores, who continued to observe the vehicle, became concerned as he watched the truck being driven erratically. The officer saw the truck repeatedly swerve into both lanes of traffic on West State Street, cross into the emergency lane, drive over the median, and run off the side of the road. Officer Shores followed the truck toward the Bristol Regional Medical Center because he thought the driver might have a medical emergency and require assistance. When Officer Shores observed that the truck did not turn off at the hospital, but instead sped up and continued driving erratically, he continued to follow the vehicle because he feared for the safety of other motorists.

Officer Shores estimated that the truck was being driven at speeds in excess of 100 miles per hour (mph) in a 55 mph zone. Once, to avoid crashing into another vehicle, the driver of the truck slammed on his brakes, causing his tires to smoke. Additionally, Officer Shores maintained that he was never more than 150 to 250 feet behind the truck during the chase. The officer watched as the truck stopped at a residence at 104 Dalton View Drive. Officer Shores followed the truck into the driveway and witnessed the appellant unsteadily attempt to get out of the truck.

Officer Shores, still wearing his police uniform, identified himself as a police officer and approached the appellant. The officer then heard someone approach him from behind. Officer Shores instructed the appellant to place his hands on top of the truck and turned to see what was happening behind him. When Officer Shores turned his head, the appellant ran away, jumping over an embankment and landing on a moving car. Although Officer Shores gave chase, he was unable to catch the fleeing appellant because the officer did not have a flashlight and was unfamiliar with the area. Subsequently, the appellant managed to elude the police during an hour long search of the area.

The appellant was indicted on charges of reckless driving, speeding, driving under the influence, driving on a revoked license, and evading arrest. On April 14, 1999, a jury in the Sullivan County Criminal Court found the appellant guilty of one count of reckless driving, a class B misdemeanor, one count of evading arrest, a class A misdemeanor, and one count of driving on a revoked license, a class B misdemeanor. The trial court sentenced the appellant to six months incarceration in the Sullivan County jail for reckless driving. The trial court also sentenced the appellant to six months incarceration in the Sullivan County jail for driving on a revoked license. Additionally, the trial court sentenced the appellant to eleven months and twenty-nine days incarceration in the Sullivan County jail for evading arrest. The trial court further ordered the appellant to serve his sentences for reckless driving and driving on a revoked license concurrently, but ordered that he serve his sentence for evading arrest consecutively to the other sentences. On appeal, the appellant presents the following issues for our review: (1) whether the jury verdict was contrary to the law and the evidence; (2) whether the evidence in the record is insufficient as a matter of law to sustain the convictions; (3) whether the evidence in the trial preponderates against the guilt

of the appellant and in favor of his innocence; and, (4) whether the trial court erred in sentencing the appellant to consecutive sentences.

## II. Analysis
### A. Sufficiency of the Evidence

The appellant's first three issues basically challenge the sufficiency of the evidence produced at trial. In Tennessee, a jury's guilty verdict in a criminal trial is accorded considerable weight by appellate courts. The jury conviction replaces the defendant's presumption of innocence at trial with a presumption of guilt on appeal; therefore, the appellant bears the burden of demonstrating to this court why the evidence will not support the jury's findings. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Accordingly, the appellant must establish that no "reasonable trier of fact" could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); Tenn. R. App. P. 13(e).

Moreover, the State, on appeal, is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Furthermore, the trier of fact, and not the appellate courts, resolves questions concerning the credibility of witnesses and the weight and value to be given the evidence, as well as all factual issues raised by the evidence. State v. Pruett, 788 S.W.2d 559, 561 (Tenn. 1990).

### 1. Driving on a Revoked License

In order to obtain the appellant's conviction for driving on a revoked license, the State had to prove that the appellant was driving a motor vehicle on a public road of Tennessee at a time when the appellant's privilege to drive was revoked. Tenn. Code Ann. § 55-50-504(a)(1)(1997). Officer Shores testified that the roads he observed the appellant driving on were public roads in Tennessee. Moreover, the State produced a certified copy of the appellant's driving record which established that, on October 31, 1997, the appellant's driver's license was revoked. However, the appellant's main contention is that there was insufficient evidence to establish that he was the driver of the vehicle. We disagree.

Officer Shores testified that, after he saw the truck run a red light, the truck never left his sight. Moreover, the officer stated that he was never more than 150 to 250 feet behind the truck at all times. Officer Shores admitted that he never saw the appellant while the truck was in motion. However, the officer maintained that when he pulled in the driveway behind the appellant's truck, he witnessed the appellant unsteadily exit the truck. Additionally, there was no evidence introduced at trial that anyone else could have been driving the truck. Furthermore, the appellant's mother testified that the truck belonged to the appellant. A jury could reasonably infer, based upon these facts, that the appellant was the driver that the officer had observed. See State v. Gray, No. 03C01-9702-CR-00074, 1998 WL 95391, at *2 (Tenn. Crim. App. at Knoxville, March 6, 1998), perm. app. denied (Tenn. 1998). This issue is without merit.

### 2. Reckless Driving

For the appellant to be convicted of reckless driving, the State had to first prove that the appellant drove the truck. We have already concluded that a jury could find that the appellant was the driver of the vehicle that Officer Shores followed, which satisfies the first element of the statute. Tenn. Code Ann. § 55-10-205(a)(1997). Furthermore, the State must establish that the appellant drove with "a willful or wanton disregard for the safety of persons or property." Id.

Officer Shores testified that he began to follow the appellant after he saw the vehicle blatantly run a red light. Moreover, the officer maintained that the appellant erratically swerved through both lanes of traffic on a two lane road, repeatedly crossing the median and running off the side of the road. See State v. Bartlett, No. 01C01-9509-CC-00302, 1998 WL 161121, at *4, (Tenn. Crim. App. at Nashville, April 7, 1998)(finding that the defendant drove recklessly by running five stop signs, driving over 100 mph, and forcing a vehicle onto a curb to avoid collision). Additionally, there was proof that the appellant drove his truck at speeds in excess of 100 mph in a 55 mph zone. See State v. Wilkins, 654 S.W.2d 678, 680 (Tenn. 1983)(stating that establishing that the defendant drove at 120 mph on a highway with hills and curves is sufficient to prove reckless driving). Furthermore, the appellant had to slam on his brakes to avoid a collision with another vehicle. Based upon the foregoing, a jury could find the appellant guilty of reckless driving. This issue is without merit.

### 3. Evading Arrest

The appellant was charged with violating Tenn. Code Ann. § 39-16-603(a)(1)(A)(1997) which states that "it is unlawful for any person to intentionally flee by any means of locomotion from anyone the person knows to be a law enforcement officer if the person. . . knows the officer is attempting to arrest the person." The appellant contends that there was no evidence in the record to indicate that Officer Shores was attempting to arrest the appellant.[1] We disagree.

Officer Shores maintained that, when he approached the appellant, he was wearing his police uniform and identified himself as a police officer. Therefore, the appellant knew that Officer Shores was a law enforcement officer. Furthermore, Officer Shores testified that he instructed the appellant to place his hands on top of the truck. Although Officer Shores never specifically told the appellant that he was under arrest, "an arrest may be affected without formal words or a station house booking." State v. Crutcher, 989 S.W.2d 295, 301 (Tenn. 1999). When the officer turned to see who was coming up behind him, the appellant ran from the officer. See State v. Black, 924 S.W.2d 912, 915 (Tenn. Crim. App. 1995). Moreover, the appellant continued to run when Officer Shores gave chase, and remained hidden during a subsequent police search for him. See State v. Hughes, No.01C01-9502-CC-00033, 1996 WL 337341, at *3, (Tenn. Crim. App. at Nashville, June 20, 1996). Additionally, the appellant's immediate flight from Officer Shores indicates that he was aware that he was not free to leave. State v. Russell, 10 S.W.3d 270, 276

---

[1] The record does not indicate that Officer Shores attempted to stop the appellant from driving; therefore the State does not contend that the appellant evaded Officer Shores by continuing to drive. However, the State does allege that the appellant evaded arrest by fleeing after Officer Shores told the appellant to put his hands on the truck.

(Tenn. Crim. App. 1999). We conclude that a reasonable jury could find, based upon the foregoing facts, that the appellant evaded arrest. This issue is without merit.

### B. Sentencing

The appellant also claims that the trial court erred in sentencing him to consecutive sentences. Appellate review of the length, range, or manner of service of a sentence is de novo. Tenn. Code Ann. § 40-35-401(d)(1997). This court considers the following factors in conducting its de novo review: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the defendant in his own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102,-103,-210 (1997). See also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). Additionally, the appellant bears the burden of demonstrating the impropriety of his sentence(s). Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments. Furthermore, because we find that the trial court correctly considered sentencing principles and all relevant facts and circumstances, we will accord the trial court's determinations a presumption of correctness. Tenn. Code Ann. § 40-35-401(d); Ashby, 823 S.W.2d at 169.

Tenn. Code Ann. § 40-35-115(a)&(b)(1)-(7)(1997) states that the trial court may impose consecutive sentences if the court finds any of the following factors by a preponderance of the evidence: (1) the appellant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood; (2) the appellant is an offender whose record of criminal activity is extensive; (3) the appellant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences; (4) the appellant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high; (5) the appellant is convicted of two or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the appellant and victim or victims, the time span of appellant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims; (6) the appellant is sentenced for an offense committed while on probation; or (7) the appellant is sentenced for criminal contempt. Moreover, the presence of a single factor is enough to justify the imposition of consecutive sentences. See State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995).

The trial court found that the appellant has an extensive criminal history. See State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997)(stating specifically that "extensive criminal history alone will support consecutive sentences"). The appellant has multiple convictions for public intoxication, driving on a revoked license, and sale of schedule II drugs. Additionally, the appellant has been convicted of unlawful use of drug paraphernalia, resisting arrest, assault, and marijuana possession. This criminal record is sufficiently extensive to permit the trial court to

impose consecutive sentences.  See State v. Palmer, 10 S.W.3d 638, 648 (Tenn. Crim. App. 1999).

In order to complete our review of the validity of the appellant's consecutive sentences, we must also determine "whether consecutive sentences are necessary to protect the public from the [appellant's] possible future criminal conduct and whether the aggregate sentence is reasonably related to the severity of the [appellant's] present offenses." State v. Franklin, 919 S.W.2d 362, 366 (Tenn. Crim. App. 1995).  One of the key factors in this determination is the appellant's potential for rehabilitation. Id. (citing Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976)). The trial court found that other alternatives had failed to deter the appellant from repeatedly engaging in criminal behavior.  See Palmer, 10 S.W.3d at 649 (stating that the defendant's criminal record exposes the defendant's inability to conform his behavior to the law).   Therefore, the trial court found that the appellant should be confined to protect the public against the appellant's further criminal conduct.  Furthermore, the trial court felt that a sentence of seventeen months and twenty-nine days reasonably related to the severity of the appellant's offenses, because his reckless driving endangered the lives and property of others.  The appellant has failed to demonstrate the impropriety of his sentences.

### III. Conclusion
Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE